**2022-1504**

# IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

ORVILLE K. THOMAS,
*Claimant - Appellant*

v.

DENIS MCDONOUGH,
Secretary of Veterans Affairs,
*Respondent - Appellee*

---

Appeal from Memorandum Decision
U.S. Court of Appeals for Veterans Claims
Cause No. 20-4192
Veterans Court Memorandum Decision:
Judge Joseph L. Falvey, Jr.

---

## APPELLANT'S PRINCIPAL BRIEF

---

Chris Attig, Attorney
ATTIG | CURRAN | STEEL, PLLC
P.O. Box 250724
Little Rock, Arkansas 72225
Phone: (866) 627 - 7764

*Counsel for Appellant*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-1504

**Short Case Caption** Thomas v. McDonough

**Filing Party/Entity** Orville K. Thomas, Appellant

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/18/2022

Signature: /s/ Chris Attig

Name: Chris Attig

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Orville K. Thomas | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Alexandra Curran, Attig \| Curran \| Steel | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF CONTENTS

TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iv

STATEMENT OF RELATED CASES ........ vii

JURISDICTION ........ 1

STATEMENT OF THE ISSUE ........ 2

STATEMENT OF THE CASE ........ 2

SUMMARY OF ARGUMENT ........ 7

ARGUMENT ........ 10

1. An appellant meets his burden of persuasion at the Veterans Court by demonstrating that the BVA erred ........ 10

2. Mr. Thomas's burden was to persuade the CAVC that the BVA erred when it failed to provide adequate reasons and bases for its decision not to consider 38 C.F.R. §3.156(c). ........ 13

3. Mr. Thomas demonstrated to the CAVC that the BVA failed to consider and failed to adequately reason its decision not to consider, 38 C.F.R. §3.156(c). ........ 19

4. The CAVC erred as a matter of law when it applied a new and heightened standard of review that usurped the BVA's role as factfinder. ....................21

5. The CAVC error is prejudicial because the process would have been different, and the outcome might have been different, but for the lower court's error. ....................26

CONCLUSION AND REMEDY ....................28

## TABLE OF AUTHORITIES

### STATUTES


38 U.S.C. §7104 .......................................................................... 1, 15

38 U.S.C. §7261. ......................................................................... 13, 23

38 U.S.C. §7292(d) .......................................................................... 24


### REGULATIONS


38 C.F.R. §3.156(c) .......................................................................... 28


### CASES


*Allday* v. *Brown,*
7 Vet. App. 517 (1995) .......................................................................... 13

*Berger* v. *Brown,*
10 Vet. App. 166 (1997) .......................................................................... 11

*Blubaugh* v. *McDonald,*
773 F.3d 1310 (Fed. Cir. 2014). .......................................................................... 20

*Coker* v. *Nicholson*,
19 Vet. App. 439 (2006), *rev'd on other grounds sub nom. Coker* v. *Peake,*
310 F. App'x 371 (Fed. Cir. 2008) (per curiam order). ......................... 10

*Emerson* v. *McDonald,*
28 Vet. App. 200 (2016) .......................................................................... 23

*Gilbert* v. *Derwinski,*
1 Vet. App. 49 (2009) .......................................................................... 13

*Hernandez* v. *Starbuck,*
69 F.3d 1089 (10th Cir. 1995). .......................................................................... 11

*Hilkert* v. *West,*
12 Vet. App. 145 (1999) (en banc), *aff'd per curiam,* 232 F.3d 908 (Fed. Cir. 2000) (table)( ........ 11

*Kaplan* v. *Brown,*
9 Vet. App. 116 (1996) ........ 22

*Kisor* v. *McDonough,*
995 F.3d 1347 (Fed. Cir. 2021) ........ 20

*Lehman* v. *Derwinski,*
1 Vet. App. 389 (1991 ........ 22

*Pacheco* v. *Gibson*,
27 Vet. App. 21 (2014) (per curiam) ........ 16, 17

*Robinson* v. *Peake*,
21 Vet. App. 545 (2008) ........ 13

*Schafrath* v. *Derwinski,*
1 Vet. App. 589 (1991). ........ 13, 14, 15, 16, 21

*SEC* v. *Chenery*,
332 U.S. 194 (1947). ........ 25

*Servello* v. *Derwinski,*
3 Vet. App. 196 (1992). ........ 14

*Shinseki* v. *Sanders,*
556 U.S. 396 (2009). ........ 26, 27

*Thompson* v. *Gober*,
14 Vet. App. 187 (2000) ........ 13

*Upatcha* v. *Sessions,*
849 F.3d 181 (4th Cir. 2017)....................................................................1

**MEMORANDUM DECISIONS**

*Dix* v. *Shulkin*,
2018 U.S. App. Vet. Claims LEXIS 205 (Feb. 26, 2018). ........................17

*Hospedale* v. *Shulkin*,
2018 U.S. App. Vet. Claims LEXIS 148 (Feb. 9, 2018). ....................17, 18

*Mingee* v. *Peake*,
2008 U.S. App. Vet. Claims LEXIS 346 (March 26, 2008)......................16

## STATEMENT OF RELATED CASES

Mr. Thomas has no related cases at the CAVC or before this Court. He is not aware of any appeals before the U.S. Court of Appeals for the Federal Circuit whose outcome may affect his appeal.

## JURISDICTION

The Board of Veterans Appeals (BVA), which had jurisdiction pursuant to 38 U.S.C. §7104(a), issued its final decision on February 20, 2020. Appx54-67. Mr. Thomas timely appealed to the U.S. Court of Appeals for Veterans Claims (Veterans Court) on June 16, 2020. Appx10. In a memorandum decision dated November 8, 2021, the Veterans Court affirmed the BVA's decision. Appx2-7. The judgment of the Veterans Court issued on December 30, 2021. Appx1. Mr. Thomas timely appealed to the Court. Appx11.

The issues on appeal are entirely issues of law. The Court has jurisdiction to conduct *de novo* review of a question of law. Whether a lower tribunal applied the proper standard of review is a question of law reviewed *de novo. See Upatcha* v. *Sessions,* 849 F.3d 181, 184 (4th Cir. 2017).

## STATEMENT OF THE ISSUE

## ISSUE #1

The addition of new service records to a record during a BVA appeal triggers the BVA's application of 38 C.F.R. §3.156(c). The CAVC has long held that the BVA errs when it does not consider, or adequately reason its failure to consider, this specific regulation. Mr. Thomas added new service records in 2014, resulting in a grant of service connection. Although, he expressly asked the Secretary to consider an earlier effective date under 38 C.F.R. §3.156(c), the BVA decision was silent. Did the CAVC err when it adopted a new standard of review that required Mr. Thomas to persuade the CAVC that the new records were "potentially favorable" before it could order the BVA to consider §3.156(c)?

## STATEMENT OF THE CASE

In January 1961, while serving honorably in the US Navy in the North Pacific Ocean, Mr. Thomas was onboard on a plane in the North Pacific when it crashed, ending 9 of the 22 lives onboard. Appx139-140; Appx160-162; Appx174-175; Appx179. The loss of life was heaviest in the mid-section of the plane where Mr. Thomas was seated: of the six souls in that section of the plane, he alone survived. Appx179. In January 1971, he asked the VA to service connect his "depressive mania," writing:

> "Several of my friends were killed and though I escaped without physical injuries, I could never seem to overcome the tragedy. Although I re-enlisted my fear of flying mixed with my pride of being an aircrewman and refusing to fly kept me emotional [sic]upset. I have

> attempted to take my life on four occasions since Oct. 1962. Appx277.

In April 1971, the Secretary decided that Mr. Thomas didn't suffer from a psychiatric disability due to that airplane crash but instead had an "emotionally unstable personality." Appx203. The Secretary reached this decision without reviewing Mr. Thomas's service records; at the time of the April 1971 rating decision, the only service related records in Mr. Thomas' file were service *medical* records. *See* Appx204-275.

It took 4 decades for Mr. Thomas to approach the Secretary again for help; he sought to reopen the prior denial in June 2014. Appx163-202; Appx116-150. This time, he submitted the service personnel records, lay statements, and pictures that the Secretary did not develop in the original 1971 claim, but that documented the January 1961 plane crash. *Id*. Those records show he was a passenger on the plane at the time of the crash and the only survivor from the mid-section of the plane. *See id*. A February 1961 personnel evaluation noted that he was Leading Petty Officer of CIC crew F-35 and referred to "how well the men have reacted in an emergency situation." Appx190-191.

These new service records were listed among the evidence the Secretary relied upon in granting service connection of his psychiatric

disability in November 2014. Appx110-111; Appx113-114. And the service records which detailed Mr. Thomas's traumatic experience were relied on in an expert opinion confirming not only his psychiatric diagnosis but also its relation to his military service. Appx151-159.

Mr. Thomas timely and continuously appealed that 2014 rating decision, continuously seeking an earlier effective date for his psychiatric disability. Appx104-105; Appx71-99; Appx68-70. He expressly raised the argument, on appeal to the BVA, that he was entitled to an earlier effective date under 38 C.F.R. §3.156(c). Appx102-103. The Secretary acknowledged that he had expressly raised a theory of entitlement to an earlier effective date under 38 C.F.R. §3.156(c). Appx99.

When the BVA issued a decision in February 20, 2020, it denied an effective date earlier than June 2014. Appx54-67. Although Mr. Thomas had expressly raised the theory of his entitlement to an earlier effective date under 38 C.F.R. §3.156(c), and although the Secretary acknowledged he raised that argument, the BVA did not acknowledge, mention, cite to, discuss, or otherwise consider his entitlement to an earlier effective date under 38 C.F.R. §3.156(c). Instead, the BVA

denied an earlier effective date, making only a cursory observation that there had been neither an informal nor unadjudicated claim prior to June 2014. Appx58-59.

Mr. Thomas argued at the CAVC that the BVA erred when it failed to consider his 38 C.F.R. §3.156(c) argument, focusing on two core BVA errors. *See e.g.* Appx49-52.

First, he argued that the BVA had not provided an adequate statement of reasons and bases regarding the denial of an effective date, such that "Mr. Thomas is unable to understand the precise basis for the Board's decision without any discussion of this relevant evidence and its application to section 3.156, and effective judicial review is precluded." *See* Appx52.

Second, he argued that but for the BVA's error, the outcome might have resulted in an earlier effective date. Appx52. He argued that he was unable to understand the precise bases for the BVA's decision and judicial review was precluded by the BVA's failure to adequately reason its silence on the application of 38 C.F.R. §3.156(c). *Id.*

In his reply brief at the CAVC, Mr. Thomas emphasized that the BVA's duty to consider 38 C.F.R. §3.156(c) was triggered by the VA's

receipt of new service records that existed but were not considered at the time of the original denial, and that led to a grant of service connection for PTSD in 2014. Appx20-21.

The CAVC affirmed the BVA, concluding that "Mr. Thomas offers no argument that his service records were in any way relevant to the March 1971 denial or any other issue, so he has not shown that the Board committed prejudicial error in failing to discuss §3.156(c)(1)." Appx6; *but see,* Appx102-103. The CAVC added that "Mr. Thomas has neither shown nor argued that the service personnel records … were 'favorable' evidence and that the Board was thus required to discuss them." Appx6. The CAVC concluded that it "cannot find that the Board provided inadequate reasons or bases by not addressing the regulation or the service personnel records." *Id.* The CAVC then noted that it was "not mak[ing] a finding of fact that §3.156(c)(1) does not apply to this case or that the service personnel records were irrelevant or not favorable." *Id.*

The CAVC affirmed the BVA because it was not persuaded by the facts underlying the argument for an earlier effective date: "Mr. Thomas has not met his burden of persuasion that the Board failed to

address a potentially applicable regulation, or favorable evidence, and thus provided inadequate reasons or bases for denying an earlier effective date." Appx6-7.

## SUMMARY OF ARGUMENT

The CAVC erred when it adopted a new and heightened standard of review to affirm the BVA's failure to consider a regulation explicitly raised by appellant and reasonably raised by the record. Whether the CAVC used the proper standard of review is a question of law over which this Court has jurisdiction.

The appellant's burden of persuasion at the CAVC is to demonstrate that the BVA erred, using well-established standards of review as the measure of that error. In a case where the issue is the BVA's failure to consider a potentially applicable regulation, the CAVC has consistently remanded BVA decisions when the reason for the failure to consider a regulation is "arbitrary or capricious." And the CAVC has consistently set aside and remanded, as erroneous, BVA decisions that fail to provide an adequate statement of reasons and bases for its decision not to consider a potentially applicable regulation.

In Mr. Thomas's appeal to the BVA, he explicitly argued that the inclusion of service records – for the first time in 2014 – required the BVA to consider whether he was entitled to an earlier effective date CAVC by operation of 38 C.F.R. §3.156(c). The BVA decision denied an earlier effective date, however, without mention, discussion, or any consideration of his argument or the regulation.

The CAVC affirmed the BVA's decision, finding that Mr. Thomas had not persuaded the court that the new service records were "potentially favorable."

For several decades, the Court has held that the mere inclusion of new service records renders 38 C.F.R. §3.156(c) potentially applicable, irrespective of any "potential favorability." The Court has never before held that an appellant must persuade the CAVC that new service records are "potentially favorable" before it requires the BVA to explain why it did not consider 38 C.F.R. §3.156(c) in the first instance.

The CAVC's use of this new and heightened standard of review is error for several reasons. First, by adopting this new standard, the CAVC usurped the BVA's role as finder of fact; the relevance of new service records is a question of fact the BVA must address in the first

instance. Second, the CAVC's use of this new standard of review circumvents the judicial review process Congress created. The impact of the CAVC's decision is that the BVA is absolved from any consideration of 38 C.F.R. §3.156(c) unless and until the CAVC declares new service records "potentially favorable." Third, Mr. Thomas was surprised by the CAVC's new standard of review; given the lower court's long history of a very different standard of review, Mr. Thomas had no way of knowing that his appeal would be evaluated under this new and heightened standard of review.

The error is prejudicial because the process followed by the CAVC would have been different had the lower court applied the correct standard of review. The CAVC would have remanded the matter to the BVA to make findings of fact and conclusions of law regarding its decision to apply or not apply 38 C.F.R. §3.156(c). It is possible that the BVA would have reached a different outcome had it applied §3.156(c). And even if it didn't, the judicial review process would have been different: Mr. Thomas would have challenged the BVA's actual findings of fact and law to the CAVC to consider using those findings under the

appropriate "clear error," "arbitrary or capricious" or "de novo" standards of review.

Mr. Thomas respectfully requests the Court reverse the decision of the CAVC and order the lower court to remand the BVA decision to the BVA to consider 38 C.F.R. §3.156(c) and provide adequate reasons and bases for its decision to apply or not apply that regulation.

## ARGUMENT

### 1. An appellant meets his burden of persuasion at the Veterans Court by demonstrating that the BVA erred.

An appellant before the Veterans Court (CAVC) must take three steps to fulfill his burden of persuading that court that the BVA erred.

First, the appellant must plead the allegation of error with particularity. *See Coker* v. *Nicholson*, 19 Vet. App. 439, 442 (2006), *rev'd on other grounds sub nom. Coker* v. *Peake*, 310 F. App'x 371 (Fed. Cir. 2008) (per curiam order). The CAVC interprets this rule as requiring an appellant to "plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments." *Coker,* 19 Vet. App. at 442.

Second, and using the appropriate standard of review as his measure, the appellant must demonstrate that the BVA committed

error. *See generally, Hilkert* v. *West,* 12 Vet. App. 145 (1999) (en banc), *aff'd per curiam,* 232 F.3d 908 (Fed. Cir. 2000) (table)(holding that an appellant bears the burden of demonstrating error on appeal); *see also, Berger* v. *Brown,* 10 Vet. App. 166, 169 (1997). This step is distinct from the first: "[o]nce the appellant alleges the [lower] court erred, [reviewing courts] have a duty to assess the validity of the appellant's allegations" by applying the appropriate standard of review. *See Hernandez* v. *Starbuck,* 69 F.3d 1089 (10th Cir. 1995).

Third, the appellant must articulate the precise relief sought. *See id.*

In this appeal, Mr. Thomas alleges it is undisputed that he took the first and third steps. He plead his error with particularity and articulated the relief he sought when asked the Court to vacate and remand the decision because the BVA "failed to consider and apply 38 C.F.R. §3.156(c)" and "provided inadequate reasons and bases" for its denial of an earlier effective date. *See* Appx47; Appx48-52; Appx 53; Appx17-21; Appx22.

Instead, the dispute in this appeal centers on the second step: the CAVC held Mr. Thomas did not meet his "burden of persuasion that the

BVA failed to address a potentially applicable regulation." Appx6-7. He did not meet this burden, the CAVC decided, because he did not provide a reviewing *appellate court* with "…some showing or argument that the service records were potentially favorable to him." Appx6. The Court did not reconcile that conclusion with the fact that Mr. Thomas noted that the new service records were favorable because they corroborated his in-service stressor event and were relied on in the ratings decision granting service connection. *See,* Appx45-47.

Mr. Thomas's burden was to persuade the CAVC that the BVA erred when it not only failed to address 38 C.F.R. §3.156(c) after the mere receipt of new service records, but also when it did not provide a statement of adequate reasons and bases explaining its refusal to consider 38 C.F.R. §3.156(c). The CAVC erred in concluding that meeting that burden of persuasion required that he prove – in the first instance to the CAVC – that the new service records were "potentially favorable" factual evidence. In his reply brief before the CAVC, Mr. Thomas argued that it is the BVA's duty to address whether new service records are relevant in the first instance so that the CAVC might perform its job of reviewing that finding of fact or conclusion of

law. *See* Appx19-21. It is the CAVC's duty to review findings, or vacate and remand decisions to the BVA to make those findings in the first instance; it is not the CAVC's role to consider the factual merits before the BVA has addressed the facts in the first instance. *See* 38 U.S.C. §7261(a)(3).

**2. Mr. Thomas's burden was to persuade the CAVC that the BVA erred when it failed to provide adequate reasons and bases for its decision not to consider 38 C.F.R. §3.156(c).**

Congress has said that every decision of the BVA "shall include a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record. *Gilbert* v. *Derwinski,* 1 Vet. App. 49, 56 (2009); *see Allday* v. *Brown,* 7 Vet. App. 517, 527 (1995). The statement must explain the BVA's reasons for discounting favorable evidence, discuss all issues raised by the claimant or the evidence of record, and discuss all provisions of law and regulation where they are made "potentially applicable through the assertions and issues raised in the record." *Thompson* v. *Gober*, 14 Vet. App. 187, 188 (2000); *Robinson* v. *Peake*, 21 Vet. App. 545, 552 (2008); *Schafrath* v. *Derwinski,* 1 Vet. App. 589 (1991).

An appellant establishes, before the CAVC, that the BVA erred when it did not discuss all regulations made "potentially applicable through the assertions and issues raised in the record[,]" by showing: 1) that a regulation is potentially applicable; and, 2) that the BVA did not address that regulation. *Schafrath,* 1 Vet. App. at 596.

The CAVC's focus is not on whether the appellant's briefs before the appellate tribunal demonstrate that a regulation is potentially applicable, but whether the *"assertions and issued raised in the record"* demonstrate that the regulation was potentially applicable, such that the BVA should have addressed the regulation in the first instance. *Id* (emphasis added). The CAVC's own role is "...not to serve as a de novo factfinder [and] thus [it] may not 'substitute its judgment for that of the BVA on issues of material fact.' " *Servello* v. *Derwinski,* 3 Vet. App. 196, 200 – 201 (1992).

In this regard, the CAVC's job is somewhat mechanical: if it cannot discern the BVA's reasons for not considering a regulation made potentially applicable by the record before it, the BVA's decision lacks adequate reasoning, evades judicial review, and requires remand. And as argued below, for 31 years until this appeal, the CAVC has displayed

unwavering commitment to a strict interpretation of this standard of review in the context of the potential applicability of 38 C.F.R. §3.156(c).

Mr. Thomas cites, below, to numerous memorandum decisions of the CAVC. Mr. Thomas cites to these decisions not for any precedential value – this Court is not bound by any CAVC decision – but instead to demonstrate how the CAVC's reasoning in his appeal is inconsistent with its own long-standing body of jurisprudence on this precise issue.

In 1991, the CAVC issued what has become one of its longest standing precedents: even if neither party mentions a potentially applicable regulation, the BVA is required to consider its applicability and explain the reasons or bases for its conclusion. 38 U.S.C. §7104(a), (d)(1); *Schafrath,* 1 Vet. App. 589. In *Schafrath*, the veteran had asserted to the BVA facts "which could support a rating of compensable functional disability due to pain," requiring consideration of 38 C.F.R. §4.40. *Schafrath,* 1 Vet. App. at 592. The CAVC warned the BVA that it "is not free to ignore regulations which the VA has adopted." *Id.* Where the record before the BVA suggests that "a regulation could reasonably

apply, the BVA must apply the regulation or give the reasons [or] bases explaining why it is not applicable." *Id.*

In 2008, the CAVC found that the BVA's mere recognition that "new evidence from military sources" was obtained "in connection with [a] claim," coupled with its failure to even acknowledge the potential applicability of 38 C.F.R. §3.156(c), was sufficient to persuade the CAVC that there was error. *Mingee* v. *Peake*, 2008 U.S. App. Vet. Claims LEXIS 346 (March 26, 2008) (Judge Kramer). The CAVC did not require the appellant in *Mingee* "provid[e] some showing or argument that the service records were potentially favorable to him" before concluding that the BVA should have adequately reasoned its consideration – or failure to consider – 38 C.F.R. §3.156(c). *See id; contra,* Appx5-6.

In 2014, the CAVC found that the Secretary's receipt of "not completely decipherable" service treatment records in 2008 required the BVA to make initial fact finding "to address 3.156(c) or [3.156(b)]". *Pacheco* v. *Gibson*, 27 Vet. App. 21, 30 – 31 (2014) (per curiam). The CAVC did not hold that the appellant was required to establish that the new records were potentially favorable, although the veteran in that

case did argue that the new records were favorable to his §3.156(c) argument. *See id*.

In 2018, the CAVC found that the mere existence of a separation exam and service treatment record used to reopen a previously denied claim made §3.156(c) "at the very least, *potentially applicable* based on the facts of record." *Dix* v. *Shulkin*, 2018 U.S. App. Vet. Claims LEXIS 205 (February 26, 2018) (Judge Allen). The CAVC did not require the appellant establish that the exam and STRs were relevant, or even "potentially favorable" before finding the BVA erred in failing to consider 38 C.F.R. §3.156(c). *Id.*

In 2018, the Secretary agreed that where "the Board failed to 'offer any finding of fact as to whether the grant of [the] [a]ppellant's service connection was based in whole or in part on the previously unavailable service department records,' remand" to the BVA was required. *Hospedale* v. *Shulkin*, No. 16-3360, 2018 U.S. App. Vet. Claims LEXIS 148, at *12 (Vet. App. Feb. 9, 2018). In *Hospedale*, the veteran introduced new service records pertaining to experiments he was involved in during his time in the military – 22 years after his claim was previously denied. *See id,* at *3. The CAVC found that

because the records were not available when he first filed the claim in 1979, and because he was granted service connection after those records were submitted to the Secretary in 2001, the "potential applicability of [3.156(c)] was clearly raised by the record." *Id,* at *13 – 14. The CAVC did not require that appellant to establish that the exam and service records were "potentially favorable" before finding the BVA erred in failing to consider 38 C.F.R. §3.156(c). *Id.*

The common thread in the CAVC's long history of this particular issue illustrates that, contrary to its decision in this appeal, the mere inclusion of new service records during the pendency of an appeal triggers the BVA's obligation to consider 38 C.F.R. §3.156(c), and address in the first instance its application of – or failure to apply – the regulation.

Mr. Thomas has been unable to find any case – prior to this appeal – in which the CAVC required an appellant to persuade *the CAVC* that the new service records were "potentially favorable" before the CAVC would order the BVA to fulfill Congress's directive of considering all regulations made potentially applicable by the record,

and/or providing an adequate statement of reasons and bases finding a regulation was not "potentially applicable."

**3. Mr. Thomas demonstrated to the CAVC that the BVA failed to consider and failed to adequately reason its decision not to consider, 38 C.F.R. §3.156(c).**

In his opening brief to the CAVC, Mr. Thomas argued that "[a]t the time of the March 1971 rating decision, [his] service personnel records were not associated with his claims file; his file contained only service medical records." Appx51. In 2014, "he submitted his service personnel records," an effort which culminated in the Secretary's decision to reopen his claim and grant of service connection for his psychiatric disability. *Id.*

Mr. Thomas then pointed out that the BVA "never even considered this regulation when determining whether an earlier effective date was warranted for [his psychiatric disability]." *Id.* Mr. Thomas observed that the BVA never mentioned 38 C.F.R. §3.156(c). Appx51-52.

This was all that Mr. Thomas needed to argue to the CAVC: that new service records were added to the file prior to a grant of service connection, that the BVA failed – in the very context of an appeal

seeking an earlier effective date – to consider an effective date regulation triggered by the receipt of new service records, and that the BVA failed to provide any reasons or bases why it did not consider 3.156(c) "potentially applicable." *See e.g., Kisor* v. *McDonough,* 995 F.3d 1347, 1376 (Fed. Cir. 2021) (Section 3.156(c)(1) commands that VA "will reconsider the claim" if "VA receives or associates with the claims file relevant service department records that existed and had not been associated with the claims file when VA first decided the claim[.]"); *accord e.g., Blubaugh* v. *McDonald,* 773 F.3d 1310, 1315 (Fed. Cir. 2014).

Had the CAVC applied the standard to Mr. Thomas' case that it has applied to every other case with this legal issue since 1991, the CAVC would have had to find unlawful and set aside and remand the BVA decision to apply 38 C.F.R. §3.156(c) or to justify its decision not to consider 38 C.F.R. §3.156(c) with a statement of adequate reasons and bases.

Instead, the CAVC used a new and heightened standard of review that requires appellants to make a factual offer of proof – to a reviewing appellate tribunal – to persuade that appellate court that certain facts

are “potentially favorable,” even though that Court that lacks the statutory jurisdiction to subject BVA “findings of fact…to trial de novo” or make findings of fact in the first instance. 38 U.S.C. §7261(c).

**4. The CAVC erred as a matter of law when it applied a new and heightened standard of review that usurped the BVA’s role as factfinder.**

The CAVC affirmed the BVA’s failure to consider a potentially applicable regulation by finding that Mr. Thomas did not “provid[e] some showing or argument that the service records were potentially favorable to him.” Appx6-7. The Court wrote that “[w]ithout Mr. Thomas providing some showing or argument that the service records were potentially favorable to him, the Court cannot find that the Board needed to discuss them.” *Id.*

This is the wrong standard of review. It is true that Mr. Thomas did not include extensive argument delineating how the BVA’s failure to address a potentially applicable regulation was arbitrary and capricious, although this is the long-accepted standard of review for a “failure to consider” type of issue. *Schafrath,* 1 Vet. App. 589. Articulating the BVA’s error in this appeal did not require extensive

extrapolation, at least according to the decades of jurisprudence the CAVC had followed.

What Mr. Thomas focused on in his argument was the BVA's failure to provide a written statement of adequate reasons and bases that explained why it did not consider 38 C.F.R. §3.156(c). Appx49-53. Without this essential finding and reasoning in writing by the BVA, there is nothing for the CAVC to review; Mr. Thomas would have to shoot into the dark to attack reasoning or findings or conclusions the BVA never provided. *Kaplan* v. *Brown,* 9 Vet. App. 116, 120 (1996) (BVA's application of 38 C.F.R. §1.965(a) was not arbitrary or capricious because the BVA supplied a "well-reasoned analysis and application of the [controlling] regulations."); *but see, Lehman* v. *Derwinski,* 1 Vet. App. 389 (1991) ("the [Board's] reduction of [the] appellant's rating was arbitrary and capricious, particularly in light of the absence of an adequate statement of reasons or bases[.]").

This is not a case where Mr. Thomas argues that the CAVC erred in using the very standard of review he urged to be applied. Mr. Thomas asked the CAVC to find the BVA failed to adequately reason its denial of an earlier effective date. *See* Appx53. The CAVC declined to do so, not

because the BVA supplied adequate reasoning, but because Mr. Thomas did not persuade the CAVC of a factual matter, namely whether the new service records that – clearly on the face of the record – led to a favorable nexus opinion and a grant of service connection were "potentially favorable" to Mr. Thomas. Appx6-7.

This is a case where the CAVC has adopted a new and heightened standard of review that runs afoul of the judicial review system created by Congress.

First, by applying a new and heightened standard of review, the Court usurped the BVA's role as finder of fact. The relevance of service records in the context of a 38 C.F.R. §3.156(c) inquiry is a matter of fact that requires adjudication by the BVA in the first instance. *See Emerson* v. *McDonald,* 28 Vet. App. 200, 210 – 211 (2016). And assessing factual matters is beyond the CAVC's jurisdiction. *See id.* By requiring Mr. Thomas to persuade a reviewing appellate tribunal that his new service records were, as a matter of fact, "potentially favorable," the CAVC dipped its toe into the forbidden waters of factual adjudication, bypassing Congress's desire that the BVA *first* make such findings of fact so that the CAVC might later review them.

Second, the CAVC's new and heightened standard of review extended extreme deference – almost a pre-emptive deference – to the BVA. In order to receive a highly deferential standard of review such as "arbitrary & capricious," the BVA must first provide adequate reasons and bases that the CAVC can review. The CAVC absolved the BVA of this responsibility: if the CAVC is the gatekeeper that will decide which veterans' evidence is "potentially favorable" enough to require the BVA to consider whether a regulation is potentially applicable, the BVA need never address the potential applicability of §3.156(c) in the first instance. This is problematic, because a veteran cannot seek review of CAVC fact-finding, as this Court lacks jurisdiction to review facts or application of law to fact. 38 U.S.C. §7292(d). Not only has the CAVC usurped the BVA's fact-finding jurisdiction, it has done so in a way that renders its own findings of fact non-reviewable.

The CAVC faulted Mr. Thomas for not arguing "more" (i.e., for not arguing that the new service records were potentially favorable) without any explanation as to how Mr. Thomas could have known to argue this "potential favorability" standard in light of the CAVC's long

history of finding that the mere inclusion of new service records triggered the BVA's duty to consider 38 C.F.R. §3.156(c).

Mr. Thomas' arguments at the CAVC detail the BVA's core errors: first, its failure to explain why it did not consider the §3.156(c) effective date argument deprived him of an ability to know the precise basis of the BVA's decision and precluded judicial review; and second, that the failure to consider §3.156(c) was prejudicial. Indeed, there is little more he could have argued before the CAVC. As the Supreme Court wrote 75 years ago:

> "[I]f the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive." *SEC* v. *Chenery*, 332 U.S. 194 (1947).

If the CAVC is not permitted to *review* "what the agency has left vague and indecisive," then it is unreasonable to expect Mr. Thomas to "guess at the theory underlying" the BVA's decision and *argue* that "what the agency has left vague and indecisive" is error. *See id.*

Yet that is what the CAVC has done: chiseled out a new, and heightened, standard of review that required Mr. Thomas to argue what

no veteran before the CAVC has ever had to argue before the BVA even considered an argument expressly raised to it: the facts of whether new service records were "potentially favorable" to his claim for an earlier effective date. Appx99; Appx102-103. By doing so, the CAVC has erred.

As a consequence, although Mr. Thomas has expressly raised the argument to the BVA that 38 C.F.R. §3.156(c) entitles him to an earlier effective date, and although the CAVC's long-standing jurisprudence places the onus on the BVA to address that argument in the first instance after the mere receipt of new service records, neither the VA, the BVA, nor the CAVC will review the merits of the Secretary's position because the CAVC was not persuaded of the "potential favorability" of new service records documenting the very plane crash that the Secretary now agrees led to Mr. Thomas's psychiatric disability.

5. **The CAVC error is prejudicial because the process would have been different, and the outcome might have been different, but for the lower court's error.**

The CAVC's error is prejudicial. *Shinseki* v. *Sanders,* 556 U.S. 396 (2009). "The federal harmless-error statute…tells courts to review cases for errors of law 'without regard to errors' that do not affect the parties

'substantial rights.' " *Id.* "Harmless-error review is a flexible one in which we 'determin[e] whether [the] error is harmless through the…case-specific application of judgment, based upon examination of the record." *Id,* at 407. Unless prejudice is clear even without any explanation, "the party seeking reversal normally must explain why the erroneous ruling caused harm." *Id,* at 410.

It is impossible to know if the outcome would have been different if the BVA had considered whether new service records, first entered into the record in 2014 triggered the application of §3.156(c).

But one thing is certain: if the BVA had addressed the potentially applicability of that regulation and the facts surrounding it, the process that followed that type of decision would necessarily have been different, and the outcome might have been different. Even if the BVA ultimately denied the earlier effective date, Mr. Thomas would have been able to argue to the CAVC that the BVA's findings of fact were clearly erroneous. And he would likely have been able to argue why the BVA's application of §3.156(c) was an incorrection interpretation of the law.

The CAVC's decision to act as a factual gatekeeper to protect the BVA from performing first-instance fact-finding has denied Mr. Thomas38 access to those remedies. As the record stands now, neither the BVA nor the CAVC have made factual determinations whether: a) 38 C.F.R. §3.156(c) applies; b) the new service records are relevant; or c) the 2014 award was made based "all or in part" on the records. *See* 38 C.F.R. §3.156(c)(1 – 4).

The CAVC's affirmance under a new and heightened standard of review deprived Mr. Thomas of judicial review of the BVA's findings and conclusions on material issues of fact and law regarding his entitlement to an earlier effective date.

## CONCLUSION AND REMEDY

Mr. Thomas respectfully requests the Court reverse the decision of the CAVC and order the lower court to remand the BVA decision to the BVA to consider 38 C.F.R. §3.156(c) and provide adequate reasons and bases for its decision to apply or not apply that regulation.

Respectfully Submitted,
ATTIG | CURRAN | STEEL, PLLC

By: *<u>/s/ Chris Attig</u>*

Chris Attig, Attorney
Licensed to practice law (Maryland, 2003)
P.O. Box 250724
Little Rock, Arkansas 72225
Phone: (866) 627-7764
Facsimile: (214) 741-2337
Email: Chris@BVAappeals.com

*Not Published*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

NO: 20-4192

ORVILLE K. THOMAS, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

**JUDGMENT**

The Court has issued a decision in this case. The time allowed for motions under Rule 35 of the Court's Rules of Practice and Procedure has expired.

Under Rule 36, judgment is entered and effective this date.

Dated: December 30, 2021

FOR THE COURT:

GREGORY O. BLOCK
Clerk of the Court

By: /s/ Kelly Saah
Deputy Clerk

Copies to:

Christopher F. Attig, Esq.

VA General Counsel (027)

*Designated for electronic publication only*

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 20-4192

ORVILLE K. THOMAS, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FALVEY, *Judge*.

**MEMORANDUM DECISION**

*Note: Pursuant to U.S. Vet. App. R. 30(a), this action may not be cited as precedent.*

FALVEY, *Judge*: Navy veteran Orville K. Thomas, through counsel, appeals a February 20, 2020, Board of Veterans' Appeals decision denying service connection for post-traumatic stress disorder (PTSD) before June 16, 2014.[1] The appeal is timely, the Court has jurisdiction, and single-judge disposition is appropriate. *See* 38 U.S.C. §§ 7252(a), 7266(a); *Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990).

We are asked to decide whether the Board's statement of reasons or bases was insufficient because it did not address the applicability of 38 C.F.R. § 3.156(c). Because we find that the Board's reasons or bases were adequate, we will affirm the part of the Board decision denying PTSD before June 16, 2014.

---

[1] The Board also granted a 70% PTSD rating, but no higher, from June 16, 2014, and a total disability rating based on individual unemployability (TDIU), effective June 16, 2014. The Board's grants of both ratings are favorable findings not reviewable by the Court. *See Medrano v. Nicholson*, 21 Vet.App. 165, 170 (2007). And, because the veteran does not allege any error with the PTSD rating from June 16, 2014, the Court will not address that matter. *See Pederson v. McDonald*, 27 Vet.App. 276, 281-85 (2015) (en banc) (declining to review the merits of an issue not argued on appeal and dismissing the appeal of that issue).

## I. FACTS

Mr. Thomas served on active duty from July 1957 until May 1964. Record (R.) at 2281-82. In January 1961, Mr. Thomas was on a plane that crashed on Midway Island, tragically killing nine people. R. at 2077-79, 2086. Mr. Thomas was the only one of six passengers in the plane's mid-section who survived. R. at 2079.

In January 1971, Mr. Thomas submitted a claim for service connection for depressive mania. R. at 2562-65. He expressed ongoing emotional distress from the airplane crash and stated that he had attempted suicide four times since the disaster. R. at 2563. The regional office (RO) obtained Mr. Thomas's service records, which showed that he had been treated for emotional problems in 1963 and 1964, was diagnosed with an "emotionally unstable personality," and was discharged as unsuitable for service due to his condition. R. at 2478-79, 2482, 2488, 2494, 2544. In March 1971, the RO denied service connection for a nervous condition and noted that "emotionally unstable personality" was not a disability under the law. R. at 2473. Mr. Thomas did not appeal this decision. R. at 8.

On June 16, 2014, Mr. Thomas requested that VA "[r]e-open [his] claim for mental health (PTSD)." R. at 2291. He also submitted evidence in support of his claim, including lay statements, photographs of the crash, and service personnel records from 1957 to 1964 that consisted of performance scores and evaluations, administrative remarks, and a discharge form. R. at 2297-304, 2309-30; *see also* R. at 1364-65 (showing when VA received evidence). The performance records reflect generally good performance scores from the first ones in 1958 to the last ones in 1964, and the evaluations—dated October 1960, February 1961, and May and November 1963—include commendatory language from the reviewing officers. R. at 2309, 2311-12, 2316, 2318-19. The administrative remarks show that, in September 1957, Mr. Thomas received commendations for his performance during basic training; that, in the year before February 1961, he had participated in over 1,000 hours of "training/operational flights," had qualified as an aircrewman, and was recommended for advancement; and that, in July 1961, Mr. Thomas was non-judicially punished for intoxicated driving. R. at 2310, 2314-15. The May 1964 discharge form shows that Mr. Thomas was honorably discharged for unsuitability, was not recommended for reenlistment, and had an overall evaluation average of 3.64 out of 4. R. at 2313.

In September 2014, a VA examiner diagnosed Mr. Thomas with PTSD. R. at 2166. In November 2014, the RO granted service connection for PTSD, rated at 30%, from June 16, 2014.

R. at 2057. In November 2015, Mr. Thomas filed a Notice of Disagreement, seeking an earlier effective date and a higher rating. R. at 2016-17

In February 2018, the RO issued a Statement of the Case (SOC) increasing Mr. Thomas's PTSD rating to 70% from May 1, 2017, and to 50% between June 16, 2014, and May 1, 2017, and continuing to deny service connection before June 16, 2014. R. at 1387-89. Although the RO acknowledged that Mr. Thomas had submitted personnel records and had argued that, under 38 C.F.R. § 3.156(c), the records showed entitlement to an earlier effective date, it found that the personnel records would not have changed the March 1971 denial of service connection because they did not counter the determination that his in-service psychiatric problems were due to an "emotionally unstable personality" rather than PTSD. R. at 1390. The RO also found that the service personnel records "were not a factor in the grant of benefits at this time." R. at 1390.

In February 2020, the Board issued the decision on appeal, denying service connection for PTSD before June 16, 2014. R. at 5. The Board found no evidence of an unadjudicated claim for service connection for PTSD between the March 1971 rating decision and June 16, 2014, that might justify an earlier effective date, but it did not address § 3.156(c) or the service personnel records. R. at 8-9.

## II. ANALYSIS

The effective date of a disability benefits award is the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a)(1); *Lalonde v. West*, 12 Vet.App. 377, 380 (1999); 38 C.F.R. § 3.400 (2021). But § 3.156(c)(1) states that:

> Notwithstanding any other section in this part, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of this section.

What's more, § 3.156(c)(3) provides that "[a]n award made based all or in part on the records identified by paragraph (c)(1) of this section is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later[.]"

Mr. Thomas argues that the Board should have addressed § 3.156(c)(1)'s effect on his case but failed to do so. Appellant's Brief (App. Br.) at 6-7. He notes that, as part of his June 2014 claim, he submitted service personnel records from 1957 to 1964 that the RO did not consider as

part of its March 1971 decision. App. Br. at 8-9. And he asserts that, because (1) these service records existed at the time of the March 1971 RO decision, (2) were not part of that claims file, and (3) were later submitted as part of his June 2014 claim, the Board should have considered whether § 3.156(c)(1) would grant service connection from the date of his claim in January 1971. App. Br. at 9.

The Secretary responds that Mr. Thomas has shown neither that § 3.156(c)(1) applies to his case nor that the Board committed prejudicial error by not discussing it. Secretary's (Sec.) Br. at 5-9. The Secretary also cites the U.S. Court of Appeals for the Federal Circuit's recent decision in *Kisor v. McDonough*, 995 F.3d 1316, 1318 (Fed. Cir. 2021), to assert that, under § 3.156(c)(1), a "relevant" record is one that speaks to the matter at issue and that Mr. Thomas's service records did not pertain to the basis of the March 1971 denial. Sec. Br. at 6-8.

In reply, Mr. Thomas argues that *Kisor* is not controlling because, unlike here, the Board there addressed § 3.156(c)(1) and decided that the service records at issue were not relevant. App. Reply Br. at 3-4.

With any finding on a material issue of fact and law presented on the record, the Board must support its determination with an adequate statement of reasons or bases that enables the claimant to understand the precise basis for that determination and facilitates review in this Court. 38 U.S.C. § 7104(d)(1); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990). This means that the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. *Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table). The Board must also address all regulations made potentially applicable by assertions and issues raised in the record. *Schafrath v. Derwinski*, 1 Vet.App. 589, 593 (1991). But the appellant bears the burden of persuasion in appeals to the Court. *Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000) (table).

As Mr. Thomas states, the Board did not address § 3.156(c)(1) or the service personnel records he submitted with his June 2014 claim. But Mr. Thomas's argument misses an important element of § 3.156(c)(1)—that the service records must be "relevant." Mr. Thomas neither argues in his briefs nor points to any argument in the record that his service personnel records have any relevance to any issue in the case. He only states that the records existed in March 1971, that they

were not part of the claims file at the time, and that he submitted them as part of his June 2014 claim. *See* App. Br. at 7-9; App. Reply at 5.

Yet existence is insufficient; the regulation requires that newly submitted service records be "relevant." 38 C.F.R. § 3.156(c)(1). Although it is not entirely settled what "relevant" means in § 3.156(c)(1),[2] Mr. Thomas offers no argument that his service records were in any way relevant to the March 1971 denial or any other issue, so he has not shown that the Board committed prejudicial error in failing to discuss § 3.156(c)(1). *See Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court will not entertain undeveloped arguments); *Evans v. West*, 12 Vet.App. 22, 31 (1998) (holding that the Court will disregard a "vague assertion" or an "unsupported contention").

Likewise, Mr. Thomas has neither shown nor argued that the service personnel records—which consist of reviews reflecting generally good performance, commendations during basic training and notations of advancement as an aircrewman after the requisite training, a disciplinary record for intoxicated driving, and a discharge form showing that he was honorably discharged for unsuitability—were "favorable" evidence and that the Board was thus required to discuss them, *see Caluza*, 7 Vet.App. at 506; he asserts only that the records existed. Without Mr. Thomas providing some showing or argument that the service records were potentially favorable to him, the Court cannot find that the Board needed to discuss them. *See id.*

Thus, we cannot find that the Board provided inadequate reasons or bases by not addressing the regulation or the service personnel records. As a result, we will affirm the part of the Board decision denying service connection for PTSD before June 16, 2014.

The Court emphasizes that we do not make a finding of fact that § 3.156(c)(1) does not apply to this case or that the service personnel records were irrelevant or not favorable. We find only that Mr. Thomas has not met his burden of persuasion that the Board failed to address a potentially applicable regulation, *see Schafrath*, 1 Vet.App. at 539, or favorable evidence, *see Caluza*, 7 Vet.App. at 506, and thus provided inadequate reasons or bases for denying an earlier

---

[2] The Federal Circuit ruled by a divided panel in *Kisor* that, in § 3.156(c)(1), "relevant" means "pertain[ing] to the basis of the [original] denial." 995 F.3d at 1318-19. The Federal Circuit declined to rehear the case en banc. *Kisor v. McDonough*, 995 F.3d 1347, 1348 (Fed. Cir. 2021) (en banc). There is currently a petition for a writ of certiorari pending before the U.S. Supreme Court. *See* Brief for Petitioner, *Kisor v. McDonough*, No. 2016-1929 (U.S. Sep. 28, 2021).

effective date. *See Hilkert*, 12 Vet.App. at 151 (holding that the appellant bears the burden of persuasion).

## III. CONCLUSION

Based on the above considerations, the part of the February 20, 2020, Board decision denying service connection for PTSD before June 16, 2014, is AFFIRMED. The rest of the appeal is DISMISSED.

DATED: November 8, 2021

Copies to:

Christopher F. Attig, Esq.

VA General Counsel (027)

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a) or Federal Circuit Rule 28.1 This brief contains 5708 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)5) or Federal Circuit Rule 28.1 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).
   This motion has been prepared in a proportionally spaced typeface using Microsoft Word for Mac, Version 15.40 in Century Schoolbook Font Size 14.

Respectfully Submitted,
ATTIG | CURRAN | STEEL, PLLC

By: */s/ Chris Attig*

Chris Attig, Attorney for Appellant
Licensed to practice law, Maryland (2003)
P. O. Box 250724
Little Rock, Arkansas 72225 Phone:
(866) 627 – 7764
Email: chris@BVAappeals.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the United States of America that on July 18, 2022, I caused Appellant's opening brief to be served on the Appellee by and through the Court's E-Filing system:

Igor Helman, Attorney
Department of Veterans Affairs OGC (027C)
PO Box 480, Ben Franklin Station
Washington, DC 20044
Igor.Helman@usdoj.gov

ATTIG | STEEL, PLLC

BY: *s/ Chris Attig*
Chris Attig, Attorney for Appellant
P. O. Box 250724
Little Rock, Arkansas 72225
Ph: (866) 627 – 7764
Email: Chris@bvaappeals.com

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the United States of America that on July 18, 2022, I caused Appellant's opening brief to be served on the Appellee by and through the Court's E-Filing system:

Igor Helman, Attorney
Department of Veterans Affairs OGC (027C)
PO Box 480, Ben Franklin Station
Washington, DC 20044
Igor.Helman@usdoj.gov

ATTIG | STEEL, PLLC

BY: *s/ Chris Attig*
Chris Attig, Attorney for Appellant
P. O. Box 250724
Little Rock, Arkansas 72225
Ph: (866) 627 – 7764
Email: Chris@bvaappeals.com