2022-1504

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ORVILLE K. THOMAS,
Claimant-Appellant,

v.

DENIS MCDONOUGH,
Secretary of Veterans Affairs,
Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
Case No. 20-4192, Judge Joseph L. Falvey, Jr.

# BRIEF FOR RESPONDENT-APPELLEE

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
Assistant Director

IGOR HELMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7576
Email: Igor.Helman@usdoj.gov

*Attorneys for Respondent-Appellee*

OF COUNSEL:

Y. KEN LEE
Deputy Chief Counsel

JULIE HONAN
Attorney
Benefits Law Group
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

September 28, 2022

# TABLE OF CONTENTS


STATEMENT OF RELATED CASES ........ v

STATEMENT OF THE ISSUES ........ 1

STATEMENT OF THE CASE SETTING FORTH RELEVANT FACTS ........ 1

- I. Nature Of The Case ........ 1
- II. Statement Of Facts And Course Of Proceedings ........ 2
  - A. Mr. Thomas's Military Service And 1971 Disability Claim ........ 2
  - B. Mr. Thomas's Claim To Reopen And Effective-Date Challenge ........ 3
  - C. Proceedings At The Veterans Court ........ 5

SUMMARY OF THE ARGUMENT ........ 9

ARGUMENT ........ 10

- I. Jurisdiction, Standard Of Review, And Relevant Precedent ........ 10
  - A. Jurisdiction And Standard Of Review ........ 10
  - B. 38 C.F.R. § 3.156(c) and this Court's *Kisor II* Decision ........ 12
- II. Because Mr. Thomas's Case Is Indistinguishable From *Kisor II*, This Court Lacks Jurisdiction To Review The Veterans Court's Straightforward Application Of *Kisor II* To The Facts Here ........ 14
- III. Should This Court Conclude That Mr. Thomas Has Presented A Legal Issue Within Its Jurisdiction, It Should Affirm The Veterans Court's Decision, Which Correctly Concluded That § 3.156 Is Not Applicable ........ 19

A. The Veterans Court Correctly Determined That Mr. Thomas Had Not Demonstrated That The Board Committed Prejudicial Error In Failing To Discuss § 3.156(c) Because The Records That Mr. Thomas Identified Were Not Relevant Under *Kisor II* ..........................20

B. The Veterans Court Did Not Establish Any Heightened Standard; Rather, It Faithfully Applied *Kisor II* To The Facts Of Mr. Thomas's Claim ........................22

CONCLUSION ..........................................................................................27

# TABLE OF AUTHORITIES

**Cases**

*Bailey v. Principi*,
351 F.3d 1381 (Fed. Cir. 2003).................................................................. 11, 14

*Blubaugh v. McDonald*,
773 F.3d 1310 (Fed. Cir. 2014).................................................................. 13, 18

*Buchert v. Shinseki*,
423 F. App'x 988 (Fed. Cir. 2011) ....................................................................20

*Caluza v. Brown*,
7 Vet. App. 498 (1995) ....................................................................... 7, 8, 25, 26

*Evans v. West*,
12 Vet. App. 22 (1998) ..........................................................................................6

*Gonzales v. West*,
218 F.3d 1378 (Fed. Cir. 2000)..........................................................................26

*Howlett v. Shinseki*,
431 F. App'x 925 (Fed. Cir. 2011) ....................................................................26

*Jennings v. Mansfield*,
509 F.3d 1362 (Fed. Cir. 2007)..........................................................................21

*King v. Shinseki*,
700 F.3d 1339 (Fed. Cir. 2012)..........................................................................19

*Kisor v. McDonough*,
995 F.3d 1347 (Fed. Cir. 2021)............................................................................7

*Kisor v. McDonough* (*Kisor II*),
995 F.3d 1316 (Fed. Cir 2021)................................................................... *passim*

*Leonard v. Gober*,
223 F.3d 1374 (Fed. Cir. 2000).................................................................. 11, 14

*Locklear v. Nicholson*,
20 Vet. App. 410 (2006) ....6

*McFadden v. Shinseki*,
412 F. App'x 280 (Fed. Cir. 2011) ....20

*Morse v. McDonough*,
994 F.3d 1371 (Fed. Cir. 2021)....21

*Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*,
260 F.3d 1365 (Fed. Cir. 2001)....23

*Tadlock v. McDonough*,
5 F.4th 1327 (Fed. Cir. 2021) ....22

*Wolfe v. McDonough*,
28 F.4th 1348 (Fed. Cir. 2022) ....23

**Statutes**

38 U.S.C. § 5108....12

38 U.S.C. § 5109A....12

38 U.S.C. § 7104....26

38 U.S.C. § 7111....12

38 U.S.C. § 7292....*passim*

**Regulations**

38 C.F.R. § 3.156....*passim*

38 C.F.R. § 3.2501....12

38 C.F.R. § 20.1400....12

## STATEMENT OF RELATED CASES

Pursuant to Rule 47.5, counsel for respondent-appellee states that he is unaware of any other appeal from this civil action that previously was before this Court or any other appellate court under the same or similar title. Counsel is also unaware of any case pending in this or any other court that may directly affect or be affected by this Court's decision in this appeal.

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| ORVILLE K. THOMAS, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2022-1504 |
| | ) | |
| DENIS MCDONOUGH, | ) | |
| Secretary of Veterans Affairs, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

## **STATEMENT OF THE ISSUES**

1. Whether this Court lacks jurisdiction to review a decision of the Court of Appeals for Veterans Claims (Veterans Court) that applied this Court's recent precedent regarding 38 C.F.R. § 3.156(c) to the facts of this appeal.

2. Whether the Veterans Court correctly concluded that newly added service department records do not trigger reconsideration of a prior claim pursuant to 38 C.F.R. § 3.156(c) when those records are not relevant to the basis of the denial of the prior claim.

## **STATEMENT OF THE CASE SETTING FORTH RELEVANT FACTS**

### **I. Nature Of The Case**

Claimant-appellant Orville K. Thomas appeals the decision of the Veterans Court in *Thomas v. McDonough*, No. 20-4192 (Vet. App. Nov. 8, 2021). Appx2-

7.[1] That decision affirmed a February 20, 2020, decision by the Board of Veterans' Appeals (board) that denied an effective date earlier than June 16, 2014, for the grant of service connection for posttraumatic stress disorder (PTSD). *Id.*

## II. Statement Of Facts And Course Of Proceedings

### A. Mr. Thomas's Military Service And 1971 Disability Claim

Mr. Thomas served on active duty from July 1957 to May 1964. Appx3. In January 1961, he was a passenger on a plane that crashed on Midway Island, tragically killing nine people. *Id.* He "was the only one of six passengers in the plane's mid-section who survived." *Id.*

In January 1971, Mr. Thomas submitted a claim for service connection for "depressive mania." *Id.* As part of the claim, he "expressed ongoing emotional distress from the airplane crash and stated that he had attempted suicide four times since the disaster." *Id.* The regional office (RO) obtained Mr. Thomas's service medical records, which showed that he had been treated for emotional problems in 1963 and 1964 and at that time, he was diagnosed with an "emotionally unstable personality," and was discharged as unsuitable for service due to his condition. *Id.*

In a March 1971 rating decision, the VA denied service connection for a nervous condition on the basis that "emotionally unstable personality" was not a

---

[1] "Appx_" refers to pages in the joint appendix. "App. Br. _" refers to pages in Mr. Thomas's opening brief, filed on July 18, 2022. ECF No. 15.

disability under the law. *Id.*; Appx203. Mr. Thomas did not appeal this decision and it became final. Appx3.

### B. Mr. Thomas's Claim To Reopen And Effective-Date Challenge

In June 2014, Mr. Thomas requested that the VA reopen his "claim for mental health (PTSD)." *Id.* (quoting Appx163). In support, he submitted lay statements and photographs of the crash, as well as service department records from 1957 to 1964 that consisted of performance scores and evaluations, administrative remarks, and a discharge form. *Id.* (indicating that the "performance records reflect generally good performance scores from the first ones in 1958 to the last ones in 1964, and the evaluations . . . include commendatory language from the reviewing officers"). The administrative remarks noted several things: that Mr. Thomas received commendations for his performance during basic training; that he had participated in over 1,000 hours of "training/operational flights"; that he had qualified as an aircrewman, and was recommended for advancement; and that, in July 1961, he received non-judicial punishment for intoxicated driving. *Id.* The May 1964 discharge form showed "that Mr. Thomas was honorably discharged for unsuitability [and] was not recommended for reenlistment." *Id.*

In September 2014, a VA examiner diagnosed Mr. Thomas with PTSD. *Id.* Two months later, in November 2014, the VA granted Mr. Thomas service

connection for PTSD, effective June 16, 2014, the date on which he requested that his claim be reopened. *Id.*; *see* Appx113-115. Mr. Thomas filed a timely Notice of Disagreement, seeking an earlier effective date. Appx4; *see* Appx104-105.

In February 2018, the VA issued a Statement of the Case which, while increasing the rating for PTSD, continued to deny an effective date earlier than June 16, 2014. Appx4; *see also* Appx71-99 (a March 2, 2018, VA Statement of the Case, which is identical to the February version cited by the Veterans Court). The VA acknowledged that Mr. Thomas had submitted service department records and had argued that, under 38 C.F.R. § 3.156(c), those records showed entitlement to an earlier effective date. Appx4. The VA found, however, that the records would not have changed the 1971 denial of service connection because they did not counter the determination that his in-service psychiatric problems were due to an "emotionally unstable personality" rather than PTSD. *Id.* The VA also concluded that the service department records "were not a factor in the grant of benefits at this time." *Id.* (quoting Appx99).

Mr. Thomas appealed to the board. Appx68-69. In a February 2020 decision, the board denied an effective date earlier than June 16, 2014, for the grant of service connection for PTSD. Appx54-67. The board found no evidence of an unadjudicated claim for service connection for PTSD between the March 1971 rating decision and June 16, 2014, that might justify an earlier effective date.

Appx58-59. The board decision did not expressly address 38 C.F.R. § 3.156(c) or Mr. Thomas's newly added service department records. *Id.*; *see* Appx4. Mr. Thomas appealed the board's decision to the Veterans Court. Appx2.

### C. Proceedings At The Veterans Court

Before the Veterans Court, Mr. Thomas argued that the board decision should have addressed § 3.156(c)(1) in light of the additional service department records added to his claims file in 2014. Appx4-5. The Veterans Court noted in its recitation of the facts that Mr. Thomas had presented his § 3.156(c) argument to the VA and that the VA addressed that argument in its 2018 Statement of the Case. Appx4 (citing Appx99, Appx102-03). The court observed that the RO "found that the personnel records would not have changed the March 1971 denial of service connection because they did not counter the determination that [Mr. Thomas's] in-service psychiatric problems were due to an 'emotionally unstable personality' rather than PTSD." *Id.* (citing Appx99). The Veterans Court also agreed that, "[a]s Mr. Thomas states, the Board did not address § 3.156(c)(1) or the service [department] records he submitted with his June 2014 claim." Appx5.

The Veterans Court then examined the VA's argument that Mr. Thomas had failed to show that § 3.156(c) is applicable to his case. *Id.* Reconsideration pursuant to 38 C.F.R. § 3.156(c) requires that the service department records be relevant and the VA explained that this Court's recent decision in *Kisor v.*

*McDonough* (*Kisor II*) held that a "'relevant' record is one that speaks to the matter at issue." *See id*. (citing 995 F.3d 1316 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 756 (2022)). The VA contended that "Mr. Thomas's service records did not pertain to the basis of the March 1971 denial." *Id*.; *see also* Appx6 (describing the service department "records [as] consist[ing] of reviews reflecting generally good performance, recommendations during basic training and notations of advancement as an aircrewman after the requisite training, a disciplinary record for intoxicated driving and a discharge form showing that [Mr. Thomas] was honorably discharged for unsuitability").

The Veterans Court proceeded to analyze the issue of entitlement to an earlier effective date pursuant to 38 C.F.R. § 3.156(c), and found Mr. Thomas's argument unpersuasive. Appx5-6. It concluded that "Mr. Thomas's argument misse[d] an important element of § 3.156(c)(1) – that the service [department] records must be 'relevant.'" Appx5. Moreover, because "Mr. Thomas offers no argument that his service records were in any way relevant to the March 1971 denial or any other issue," the court found that "he has not shown that the Board committed prejudicial error in failing to discuss § 3.156(c)(1)." Appx6 (citing *Locklear v. Nicholson*, 20 Vet. App. 410, 416 (2006), and *Evans v. West*, 12 Vet. App. 22, 31 (1998)). The Veterans Court observed that merely identifying additional service records is not enough. *Id*. ("[E]xistence is insufficient; the

regulation requires that newly submitted service [department] records be 'relevant.'" (citing 38 C.F.R. § 3.156(c)(1)).

The Veterans Court expressly acknowledged this Court's recent *Kisor II* decision. Appx6 & n.2. That decision explained that "'relevant' means 'pertaining to the basis of the original denial.'" Appx6 n.2 (quoting *Kisor II*, 995 F.3d at 1318-19 (alteration marks omitted)).[2] The court noted that "Mr. Thomas offers no argument that his service [department] records were in any way relevant to the March 1971 denial or any other issue." Appx6. Accordingly, the Veterans Court concluded that Mr. Thomas had failed to show that the board committed prejudicial error in failing to discuss § 3.156(c). *Id.*

The Veterans Court also discussed the requirement, under *Caluza v. Brown*, that the board must provide the reasons for its rejection of any material evidence favorable to the claimant. Appx5 (citing 7 Vet. App. 498, 506 (1995), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996) (table)). Independent from 38 C.F.R § 3.156(c)'s relevance requirement, the Veterans Court separately addressed *Caluza*'s requirement that the board explain its rejection of favorable evidence. Appx6. The court concluded that Mr. Thomas had "neither shown nor argued that the service

---

[2] At the time of the Veterans Court's decision, there was a petition for a writ of certiorari pending in *Kisor II*, after this Court declined to rehear the case *en banc*. Appx6 n.2 (citing *Kisor v. McDonough*, 995 F.3d 1347, 1348 (Fed. Cir. 2021) (*en banc*)). The Supreme Court has since denied that petition. 142 S. Ct. 756 (2022).

[department] records – which consist of reviews reflecting generally good performance, commendations during basic training and notations of advancement . . . , a disciplinary record for intoxicated driving, and a discharge form showing that he was honorably discharged for unsuitability – were 'favorable' evidence," such that the board was required to discuss them. *Id*. (citing *Caluza*, 7 Vet. App. at 506). The Court explained that, absent some showing or argument that the service department records were potentially favorable to Mr. Thomas, the court could not find that the board erred in failing to discuss those records. *Id*.

In conclusion, the Veterans Court summarized that it could not find that the board provided inadequate reasons or bases by not addressing § 3.156(c) or the service department records and, accordingly, affirmed the board's February 2020 decision. *Id*. In doing so, the court "emphasize[d]" that it was not making "a finding of fact that § 3.156(c)(1) does not apply to this case or that the service [department] records were irrelevant or not favorable." *Id*. Rather, the Veterans Court found only that Mr. Thomas had not met his burden of persuasion in demonstrating a deficiency in the board's statement of reasons or bases. Appx6-7.

The Veterans Court thus affirmed the board's February 2020 decision. Appx7; *see* Appx1. This appeal followed.

## SUMMARY OF THE ARGUMENT

Although Mr. Thomas styles the issue on appeal as whether the Veterans Court adopted an incorrect standard of review regarding his burden of persuasion, at its core this case involves a straightforward application of this Court's recent *Kisor II* precedent to a nearly identical factual scenario. This Court, however, lacks jurisdiction to review the application of law to fact. 38 U.S.C. § 7292(d)(2). Here, the Veterans Court simply applied *Kisor II* when it concluded that to trigger reconsideration under 38 C.F.R. § 3.156(c), newly added service department records had to be relevant to the basis of the denial of the prior claim. And Mr. Thomas "offer[ed] no argument that his service records were in any way relevant to his March 1971 denial or any other issue." Appx6. Because the Veterans Court did no more than faithfully apply *Kisor II*, this Court should dismiss Mr. Thomas's appeal for lack of jurisdiction.

Should this Court conclude that Mr. Thomas has raised a genuine question of law regarding the legal standard that the Veterans Court used when it adjudicated his appeal, Mr. Thomas's arguments are unavailing. First, they are premised on a misunderstanding of the Veterans Court's decision. Mr. Thomas argues that the court required him to satisfy a "heightened standard" to show that the service department records were "potentially favorable." But Mr. Thomas conflates the Veterans Court's analysis of what is required under § 3.156 in light of

*Kisor II* with the court's discussion of "favorable" evidence that the board is required to address under *Caluza*.

Second, the Veterans Court never imposed a "heightened standard"; it simply explained that merely identifying additional service department records is insufficient because those records must also be relevant to the prior denial. *See Kisor II*, 995 F.3d at 1325. Here, Mr. Thomas never contended that his newly added service department records "were in any way relevant to the March 1971 denial or any other issue." Appx6. And Mr. Thomas's challenge to the adequacy of the board's reasons and bases fares no better; that is a factual determination that lies outside of this Court's jurisdiction.

Finally, Mr. Thomas relies on a series of mostly non-precedential Veterans Court memorandum decisions but that reliance is misplaced. Those decisions are neither binding nor persuasive and – in any event – are abrogated by *Kisor II*. Because the Veterans Court faithfully applied *Kisor II* to a virtually indistinguishable set of facts, this Court should affirm.

## ARGUMENT

### I. Jurisdiction, Standard Of Review, And Relevant Precedent

#### A. Jurisdiction And Standard Of Review

This Court's review of a Veterans Court decision is limited by statute. The Court reviews a Veterans Court decision with respect to the validity of a decision

on a rule of law or to the validity or interpretation of any statute or regulation relied on by the Veterans Court in making that decision. 38 U.S.C. § 7292(a). This Court also has jurisdiction to decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and must set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that it finds to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

This Court may not, however, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that the appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2); *see Leonard v. Gober*, 223 F.3d 1374, 1375-76 (Fed. Cir. 2000) (dismissing appeal and explaining that "[s]ection 7292(d)(2) expressly bars us from reviewing challenges to the application of law to the facts of a particular case"); *Bailey v. Principi*, 351 F.3d 1381, 1384 (Fed. Cir. 2003) ("38 U.S.C. § 7292 authorizes us to address legal issues but instructs us that ordinarily we may not address the application of law to the facts of a particular case.").

### B. 38 C.F.R. § 3.156(c) and this Court's *Kisor II* Decision

*Kisor v. McDonough* (*Kisor II*) is the seminal decision addressing the requirements for reconsideration pursuant to 38 C.F.R. § 3.156(c). 995 F.3d 1316, 1322 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 756 (2022). In *Kisor II*, this Court explained the regulatory scheme by which a "veteran can seek to revise a Board denial of a claim for disability benefits" and detailed the three different procedures available to the veteran to do so. *Id*. The first is seeking "review to determine whether a clear and unmistakable error exists under 38 U.S.C. §§ 7111, 5109A, and 38 C.F.R. § 20.1400." *Id*. "Second, before amendments promulgated in 2019, a claimant could reopen a claim by submitting 'new and material evidence' under former 38 U.S.C. § 5108 and 38 C.F.R. § 3.156[(a)]."[3] *Id*. (citations omitted).

The third avenue – at issue both in *Kisor II* and here – is pursuant to 38 C.F.R. § 3.156(c). That regulation requires the VA to *reconsider* a claim if it receives "relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim." *Id*. § 3.156(c)(1); *see Kisor II*, 995 F.3d at 1323 (explaining the regulatory scheme). "An award made based all or in part on the records identified by [§ 3.156(c)(1)] is effective on

[3] The Court in *Kisor II* noted that pursuant to "the Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. 115-55 . . . veterans may now file 'supplemental claims' based on 'new and relevant' evidence." *Kisor II*, 995 F.3d at 1322 n.1 (citing 38 U.S.C. § 5108 (2019) and 38 C.F.R. §§ 3.156(d), 3.2501 (2019)).

the date entitlement arose or the date VA received the previously decided claim, whichever is later." 38 C.F.R. § 3.156(c)(3). "In other words, § 3.156(c) serves to place a veteran in the position he would have been had the VA considered the relevant service record before the disposition of his earlier claim." *Kisor II*, 995 F.3d at 1323 (quoting *Blubaugh v. McDonald*, 773 F.3d 1310, 1313 (Fed. Cir. 2014)). The purpose of this regulation is to "ensure[] that a veteran is not denied benefits due to an administrative error." *Blubaugh*, 773 F.3d at 1313 (citing New and Material Evidence, 70 Fed. Reg. 35,388, 35,389 (Jun. 20, 2005)).

*Kisor II* further explained that the scope of § 3.156(c) is limited. The regulation only applies to "*relevant* official service department records." 38 C.F.R. § 3.156(c)(1) (emphasis added); *see also Blubaugh*, 773 F.3d at 1314 (observing that § 3.156(c) "only applies when VA receives official service department records that were unavailable at the time that VA previously decided a claim for benefits and *those records lead VA to award a benefit that was not granted in the previous decision*" (quoting 70 Fed. Reg. at 35,388) (emphasis in original)). In *Kisor II*, this Court held that, to be "relevant" under § 3.156(c), a record "must speak to a matter in issue, in other words, a matter in dispute." 995 F.3d at 1319. The Court explained that "the context of § 3.156(c) makes clear that, in order to be 'relevant' for purposes of reconsideration, additional records must speak to the basis for the VA's prior decision." *Id*. at 1323. Thus, service department records that are

"[d]uplicative [or] directed to an undisputed fact would not speak to the basis for the VA's prior decision" and therefore do not require reconsideration under § 3.156(c). *Id.* at 1324.

## II. Because Mr. Thomas's Case Is Indistinguishable From *Kisor II*, This Court Lacks Jurisdiction To Review The Veterans Court's Straightforward Application Of *Kisor II* To The Facts Here

Although Mr. Thomas frames the issue on appeal as whether the Veterans Court adopted an incorrect, heightened standard of review regarding an appellant's burden of persuasion, *see* App. Br. 21-25, at its core this case involves a straightforward application of this Court's *Kisor II* precedent to a virtually identical factual scenario. Pursuant to 38 U.S.C. § 7292(d)(2), however, this Court lacks jurisdiction to review the application of law to fact. *Id.*; *see, e.g.*, *Leonard*, 223 F.3d at 1375-76 (dismissing appeal and explaining that "[s]ection 7292(d)(2) expressly bars us from reviewing challenges to the application of law to the facts of a particular case"); *Bailey*, 351 F.3d at 1384 ("38 U.S.C. § 7292 authorizes us to address legal issues but instructs us that ordinarily we may not address the application of law to the facts of a particular case."). Because Mr. Thomas's service department records cannot overcome his lack of a PTSD diagnosis in 1971, when his first claim was denied – as was the case in *Kisor II* – *Kisor II* holds that reconsideration under 38 C.F.R. § 3.156(c) is not triggered.

In *Kisor II*, a veteran who had served on active duty in Vietnam submitted a claim in 1982, seeking disability compensation benefits for PTSD. *Kisor II*, 995 F.3d at 1319. The following year, the RO "obtained a psychiatric examination for Mr. Kisor," and the resulting report noted his participation in combat operations, including ones where his company came under attack. *Id.* The VA "examiner did not diagnose Mr. Kisor as suffering from PTSD, however. Rather, it was the examiner's distinct impression that Mr. Kisor suffered from a personality disorder as opposed to PTSD." *Id.* at 1319-20. Accordingly, the examiner diagnosed Mr. Kisor with intermittent explosive disorder and atypical personality disorder, which could not serve as a basis for service connection. *Id.* at 1320.

In 2006, Mr. Kisor submitted a "a request to reopen his previously denied claim for service connection for PTSD." *Id.* In support of his request, he subsequently submitted a 2007 report of a psychiatric evaluation diagnosing PTSD as well as service department records that had not been before the RO in 1983. *Id.* The RO issued a rating decision which reopened Mr. Kisor's previously denied claim and granted him service connection for PTSD, effective 2006. *Id.*

Mr. Kisor challenged the effective date, arguing that service department records that he submitted should have triggered reconsideration under 38 C.F.R. § 3.156(c). *Id.* at 1320-21. The Board concluded, however, that the records were not 'relevant' for purposes of § 3.156(c)(1) because the 1983 rating decision

denied service connection because there was no diagnosis of PTSD, and because service connection can be granted only if there is a current disability. *Id*. at 1321. The Veterans Court affirmed and Mr. Kisor appealed to this Court.

This Court affirmed as well. *Id*. at 1322. Importantly, it concluded that the term 'relevant' in 38 C.F.R. § 3.156(c) means that a service department "record must be relevant to the issue that was dispositive against the veteran in the VA adjudication of the claim sought to be reconsidered and, in that way, bear on the outcome of the case." *Id*. In Mr. Kisor's case, however, "in 1983 the VA denied [his] claim for service connection for PTSD because he *had not been diagnosed* with PTSD, not because of the absence of an in-service stressor [which had] never been disputed." *Id*. (emphasis added). The Court explained that "Mr. Kisor has not made any showing that the service records at issue were relevant, even indirectly, to undermining the basis for the RO's 1983 rejection of his claim that he was suffering from PTSD, a rejection that did not question Mr. Kisor's experiences in the service." *Id*.

Mr. Thomas's case cannot be distinguished from that of Mr. Kisor. Like Mr. Kisor, Mr. Thomas suffered a traumatic event in-service. Appx3. But – also like Mr. Kisor – Mr. Thomas's initial claim was denied not because of an absence of an in-service stressor, but because he had not been diagnosed with PTSD. *Id*.; *see* Appx203 ("Service records indicate careful and complete psychiatric evaluation in

March-April 1964 with final diagnosis of emotionally unstable personality."); *see also* Appx275 ("It is the opinion of the Board that this patient suffers from an immature personality which renders him unsuitable for any further service in the U.S. Navy. He now suffers from no disability which is the result of an incident of service or which was aggravated thereby.").

Indeed, Mr. Thomas's attempt in this case to trigger reconsideration pursuant to 38 C.F.R. § 3.156(c) failed because, similar to Mr. Kisor, he "has not made any showing that the service records at issue were relevant, even indirectly, to undermining the basis for the RO's [1971] rejection of his claim" that he was suffering from a nervous condition. *Kisor II*, 995 F.3d at 1322; *see* Appx3 ("In March 1971, the RO denied service connection for a nervous condition and noted that [Mr. Thomas's diagnosis of] 'emotionally unstable personality' was not a disability under the law."); Appx6 (observing that "Mr. Thomas offers no argument that his service records were in any way relevant to the March 1971 denial or any other issue").[4] Similar to Mr. Kisor, the RO's 1971 rejection of Mr. Thomas's claims "did not question [his] experiences in the service." *See Kisor II*,

[4] To be sure, before the Veterans Court, Mr. Thomas did assert (without elaboration) that the newly added service department records were relevant because the VA's 2014 rating decision listed them as part of the evidence it considered in granting service connection for PTSD. Appx51. But this assertion misses the point of *Kisor II* – to be relevant, the records must "pertain to the basis of the [prior] denial." *Kisor II*, 995 F.3d at 1325. The service department records that Mr. Thomas identified do not.

995 F.3d at 1322. And, as in *Kisor II*, the VA's grant of service connection to Mr. Thomas in 2014 was based on the fact that a "VA examiner diagnosed [him] with PTSD" at that time, Appx3, and not because of any new service department records. *See Kisor II*, 995 F.3d at 1324-25 (holding that "§ 3.156(c) did not apply when a newly discovered service record 'did not remedy [the] defects' of a prior decision and contained facts that 'were never in question'" (quoting *Blubaugh*, 773 F.3d at 1314)).

Here, the Veterans Court squarely applied *Kisor II* when it concluded that the service department records that Mr. Thomas identified "must be 'relevant.'" Appx6 (citing 38 C.F.R. § 3.156(c) and discussing *Kisor II*). The Veterans Court observed that "Mr. Thomas neither argues in his briefs nor points to any argument in the record that his service [department] records have any relevance to any issue in this case." Appx5-6 (explaining that Mr. Thomas only stated that the records existed in 1971, were not part of his claim file at the time, and were submitted as part of his 2014 claim); Appx6 ("Mr. Thomas offers no argument that his service records were in any way relevant to the March 1971 denial . . . ."). The Veterans Court correctly recognized that the mere "existence [of records] is insufficient; the regulation requires that newly submitted service records be 'relevant.'" Appx6 (citing *Kisor II*). Applying *Kisor II*, the Court concluded that "Mr. Thomas offer[ed] no argument that his service records were in any way relevant to the

March 1971 denial or any other issue" and thus, had "not shown that the Board committed prejudicial error in failing to discuss § 3.156(c)(1)." *Id.*

"Although this Court has jurisdiction to review a 'rule of law,' including a rule established by a judicial precedent of the Veterans Court, it may not review the application of law to the facts of a particular case." *King v. Shinseki*, 700 F.3d 1339, 1346 (Fed. Cir. 2012); *see* 38 U.S.C. § 7292(d)(1). Here, the Veterans Court did not announce any new rule of law; rather, it simply concluded that, based on this Court's *Kisor II* precedent, § 3.156(c) did not apply to the facts of Mr. Thomas's case. Appx5-6 & n.2. Because the review of such a straightforward application of law to facts is outside of this Court's limited jurisdiction, this Court should dismiss Mr. Thomas's appeal.

## III. Should This Court Conclude That Mr. Thomas Has Presented A Legal Issue Within Its Jurisdiction, It Should Affirm The Veterans Court's Decision, Which Correctly Concluded That § 3.156 Is Not Applicable

If this Court were to conclude that Mr. Thomas's appeal presents a genuine question of law regarding the legal standard that the Veterans Court used when it adjudicated his appeal – and it should not – this Court should affirm the decision of the Veterans Court. On appeal, Mr. Thomas first alleges that the board erred when it failed to address his § 3.156(c) arguments and that the board's decision failed to provide an adequate statement of the reasons and bases for its determinations on that issue. *E.g.*, App. Br. 11, 13, 19. He further alleges that the Veterans Court, in

affirming the board, imposed a heighted burden of persuasion on him to demonstrate board error by requiring him to show that the service department records were "potentially favorable." *Id*. at 12, 23-24. Mr. Thomas's arguments, however, are premised on a misreading of the Veterans Court's opinion.

### A. The Veterans Court Correctly Determined That Mr. Thomas Had Not Demonstrated That The Board Committed Prejudicial Error In Failing To Discuss § 3.156(c) Because The Records That Mr. Thomas Identified Were Not Relevant Under *Kisor II*

Mr. Thomas first argues that the board was required to provide adequate reasons and bases for its failure to address the applicability of § 3.156(c). App. Br. 13-14; *see also id*. at 22 ("Mr. Thomas asked the [Veterans Court] to find the [board] failed to adequately reason its denial of an earlier effective date."). As an initial matter, "determining whether the Board provided a sufficient statement of the reasons for its decision involves the application of law to facts." *Buchert v. Shinseki*, 423 F. App'x 988, 990 (Fed. Cir. 2011) (dismissing appeal for lack of jurisdiction to review the application of law to fact); *McFadden v. Shinseki*, 412 F. App'x 280, 284 (Fed. Cir. 2011) (observing that an allegation that "the Board failed to provide an adequate statement of the reasons or bases for its determinations" seeks review of application of law to facts and is thus beyond this Court's jurisdiction). Therefore, this Court lacks jurisdiction to review Mr. Thomas's challenge to the adequacy of the board's reasons and bases. *See* 38 U.S.C. § 7292(d)(1).

Even if not jurisdictionally barred, Mr. Thomas's claim that that the board erred is without merit. Here, Mr. Thomas presented his § 3.156(c) argument to the VA, Appx102-03, and the VA addressed that argument in its 2018 Statement of the Case, *see* Appx99. The Veterans Court noted that "the RO acknowledged that Mr. Thomas had submitted [service department] records and had argued that, under 38 C.F.R. § 3.156(c), the records showed entitlement to an earlier effective date." Appx4. The RO recognized, however, that these "records would not have changed the March 1971 denial of service connection because they did not counter the determination that his in-service psychiatric problems were due to an 'emotionally unstable personality' rather than PTSD." *See id.* (citing Appx99).

To be sure, "[a]s Mr. Thomas states, the Board did not address § 3.156(c)(1) or the service [department] records he submitted with his June 2014 claim." Appx5. But the board did not need to. *See Jennings v. Mansfield*, 509 F.3d 1362, 1366 (Fed. Cir. 2007) (concluding that there is no "mechanical requirements" for the board to set forth its reasoning where the "basis for the Board's [decision] is clear"); *cf. Morse v. McDonough*, 994 F.3d 1371, 1379-80 (Fed. Cir. 2021) (explaining that the board "in effect conducted a reconsideration of [the veteran's] claim, even though it did not cite section 3.156(c) in its ruling or refer to its action as a reconsideration"). As the Veterans Court explained, pursuant to *Kisor II*, Mr. Thomas was missing an indispensable element for reconsideration under

§ 3.156(c) – that the records be "relevant." Appx6 & n.2 (citing *Kisor II*). The court observed that mere "existence [of records] is insufficient; the regulation requires that newly submitted service records be 'relevant.'" Appx6. Further, the court noted that "Mr. Thomas offers no argument that his service records were in any way relevant to the March 1971 denial or any other issue, so he has not shown that the Board committed prejudicial error in failing to discuss § 3.156(c)(1)." *Id.*[5] Mr. Thomas's failure to even allege that the records were relevant to his 1971 denial, *id.*, means that the reconsideration provisions of 38 C.F.R. § 3.156(c) are not triggered. Thus, the Veterans Court correctly affirmed the board's denial of an earlier effective date.

### B. The Veterans Court Did Not Establish Any Heightened Standard; Rather, It Faithfully Applied *Kisor II* To The Facts Of Mr. Thomas's Claim

Mr. Thomas next argues that the Veterans Court established a heightened burden of persuasion by requiring that the "service records were potentially favorable" to the veteran, contrary to its prior decisions. App. Br. 12; *see also id.* at 16-18 (collecting several Veterans Court cases that did not require records to be "potentially favorable"); *id.* at 20 ("Instead, the [Veterans Court] used a new and

[5] In "emphasiz[ing]" that it was not "mak[ing] a finding of fact that § 3.156(c)(1) does not apply to this case or that the service [department] records were irrelevant or not favorable," Appx6, the Veterans Court avoided any appellate factfinding of the type that this Court was concerned about in *Tadlock v. McDonough*, 5 F.4th 1327 (Fed. Cir. 2021).

heighted standard of review that requires appellants to make a factual offer of proof . . . to persuade that appellate court that certain facts are 'potentially favorable' . . . ."). Mr. Thomas's reliance on the Veterans Court's prior decisions is misplaced.

First, the majority of the decisions on which Mr. Thomas relies are single-judge memorandum decisions of the Veterans Court. *See id*. at 16-18. These decisions are not binding on the Veterans Court, let alone this Court. *See Wolfe v. McDonough*, 28 F.4th 1348, 1358 (Fed. Cir. 2022) (noting that "an unreviewed decision of the Veterans Court . . . is not binding on this court or on the government outside of that individual case except as a matter of stare decisis at the Veterans-Court level of review"); *Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, 260 F.3d 1365, 1374 (Fed. Cir. 2001) ("Neither we nor the Department of Veterans Affairs is bound by the earlier Court of Appeals for Veterans Claims' decisions cited by petitioners.").

More importantly, however, any persuasive value of those Veterans Court decisions was abrogated by this Court's precedential decision in *Kisor II*. As demonstrated above, *Kisor II* held that, to be "relevant" under § 3.156(c), a service department record "must speak to a matter in issue, in other words, a matter in dispute." 995 F.3d at 1319. The Court explained that "the context of § 3.156(c) makes clear that, in order to be 'relevant' for purposes of reconsideration,

additional records must speak to the basis for the VA's prior decision," and that "[d]uplicative records and records directed to an undisputed fact would not speak to the basis for the VA's prior decision." *Id.* at 1323-24. The Court also acknowledged that it is *appellant's burden* to demonstrate the relevance of the service records: "Mr. Kisor *has not made any showing that the service records at issue were relevant*, even indirectly, to undermining the basis for the RO's 1983 rejection of his claim that he was suffering from PTSD, a rejection that did not question Mr. Kisor's experiences in the service." *Id*. at 1322 (emphasis added).

Thus, to the extent Mr. Thomas has identified decisions where the Veterans Court historically remanded appeals due to the mere presence of service department records that had been newly associated with the claims file – without more – that practice does not comport with *Kisor II*. The Veterans Court correctly recognized that the mere existence of service department records "is insufficient; the regulation requires that the newly submitted service records be 'relevant.'" Appx6 (citing 38 C.F.R. § 3.156(c)(1)); *see Kisor II*, 995 F.3d at 1324 (explaining that "[d]uplicative records and records directed to an undisputed fact would not [be relevant because they do not] speak to the basis for the VA's prior decision").

Before the Veterans Court, Mr. Thomas argued that *Kisor II* is not applicable to his appeal because the board in *Kisor II* had addressed the service records in question and explained why they were not relevant, whereas in

Mr. Thomas's case the board did not address the service records or 38 C.F.R. § 3.156(c) in its decision. But whether a board decision addressed the regulation has no bearing on *Kisor II*'s holding regarding the regulation's relevance requirement. The Veterans Court analyzed the case based on whether Mr. Thomas had shown – or even alleged – that the records were relevant to undermine the basis for the prior RO decision's rejection of his claim. *See Kisor II*, 995 F.3d at 1322. And, as discussed above, the outcome of the present appeal does not turn on whether the board was required to address Mr. Thomas's argument to the VA regarding § 3.156(c) but, rather, whether not discussing that regulation prejudiced him when he "offered no argument that his service records were in any way relevant to the March 1971 denial or any other issue." Appx6. Contrary to his assertion that the result "could" have changed had the board considered that regulation, *see* App. Br. 25, *Kisor II* squarely forecloses that possibility, given that both cases turn on essentially the same factual predicate.

Finally, Mr. Thomas suggests that the Veterans Court created a heightened standard by requiring that the service records be "favorable" before § 3.156(c) is applicable. Appellant's Br. at 21-26. But this argument misunderstands the court's decision by conflating two principles that the court considered and discussed separately: the relevance requirement that triggers § 3.156(c)'s applicability, *see Kisor II*, and *Caluza*'s requirement that the board address

favorable evidence. *See* Appx5-6 (discussing *Kisor II*'s relevance requirement for § 3.156(c) separately from the 'favorable' evidence that the board is required to discuss under *Caluza*).

Moreover, *Caluza* is beside the point – it simply requires that the board's statement of reasons or bases "account for the evidence which it finds to be persuasive or unpersuasive, analyze the credibility and probative value of all material evidence submitted by and on behalf of a claimant, and provide the reasons for its rejection of any such evidence." *Caluza*, 7 Vet. App. at 506 (citing 38 U.S.C. § 7104(d)(1)); *cf. Gonzales v. West*, 218 F.3d 1378, 1381 (Fed. Cir. 2000) ("reject[ing] the view that all evidence must be *discussed*" and observing that "absent specific evidence indicating otherwise, all evidence contained in the record at the time of the RO's determination of the service connection must be presumed to have been reviewed by the [VA], and no further proof of such review is needed" (emphasis added)); *Howlett v. Shinseki*, 431 F. App'x 925, 927 (Fed. Cir. 2011) ("The Board is presumed to have considered all evidence of record at the time of the VA's determination of service connection."). Here, given that the central premise underlying Mr. Thomas's arguments about his service department records misunderstands *Kisor II* and § 3.156(c), his contentions that the board's decision is contrary to *Caluza* are unavailing.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss this appeal or, in the alternative, affirm the decision of the Veterans Court.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Assistant Director

/s/ Igor Helman
IGOR HELMAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7576
Email: Igor.Helman@usdoj.gov

*Attorneys for Respondent-Appellee*

OF COUNSEL:

Y. KEN LEE
Deputy Chief Counsel

JULIE HONAN
Attorney
Benefits Law Group
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420

Dated: September 28, 2022

## CERTIFICATION OF COMPLIANCE

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, Respondent's counsel certifies that this Brief complies with the Court's type-volume limitation rules. This Brief was printed in Times New Roman font at 14 points. According to the word-count calculated by Microsoft Word, this brief contains a total of 6,400 words, which is within the 14,000 word limit.

/s/ Igor Helman
IGOR HELMAN