**2022-1504**

**IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

---

ORVILLE K. THOMAS,
*Claimant - Appellant*

v.

DENIS MCDONOUGH,
Secretary of Veterans Affairs,
*Respondent - Appellee*

---

Appeal from Memorandum Decision
U.S. Court of Appeals for Veterans Claims
Cause No. 20-4192
Veterans Court Memorandum Decision:
Judge Joseph L. Falvey, Jr.

---

# APPELLANT'S REPLY BRIEF

---

Chris Attig, Attorney
ATTIG | CURRAN | STEEL, PLLC
P.O. Box 250724
Little Rock, Arkansas 72225
Phone: (866) 627 - 7764

*Counsel for Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-1504

**Short Case Caption** Thomas v. McDonough

**Filing Party/Entity** Orville K. Thomas, Appellant

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 02/27/2023

Signature: /s/ Chris Attig

Name: Chris Attig

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Orville K. Thomas | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Alexandra Curran, Attig \| Curran \| Steel | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ 2

TABLE OF AUTHORITIES ........ 3

STATEMENT OF THE ISSUE ........ 4

ARGUMENT IN REPLY ........ 4

1. The Secretary concedes that he and Mr. Thomas expressly raised the applicability of 38 C.F.R. §3.156(c) when this case was before the BVA. ........ 4

2. This Court has jurisdiction to review a question or error of law in a Veterans Court decision: whether the lower court used the correct standard of review. ........ 6

3. Until such time as the BVA issues reviewable findings of fact and law on the elements of 38 C.F.R. §3.156(c), the holding of *Kisor II* is immaterial to this appeal. ........ 8

4. Mr. Thomas was prejudiced by the Veterans Court's errors. ........ 13

CONCLUSION AND REMEDY. ........ 16

# TABLE OF AUTHORITIES

## STATUTES

38 U.S.C. §7104(a). .......... 6

38 U.S.C. §7105. .......... 4, 5

## REGULATIONS

38 C.F.R. §19.30. .......... 5, 6

## CASES

*Allday* v. *Brown*,
7 Vet. App. 517 (1995). .......... 7

*Gilbert* v. *Derwinski*,
1 Vet. App. 49 (2009) .......... 7

*Herndon* v. *Principi,*
311 F.3d 1121 (Fed. Cir. 2002 .......... 5, 6

*Kisor v. McDonough*,
995 F.3d 1316 (Fed. Cir. 2020). .......... 8

*Miley* v. *Principi,*
242 F.3d 1050 (Fed. Cir. 2001) .......... 4

*Robinson* v. *Shinseki,*
557 F.3d 1355 (Fed. Cir. 2009) .......... 15

## STATEMENT OF THE ISSUE

### ISSUE #1

The addition of new service records to a record during a BVA appeal triggers the BVA's application of 38 C.F.R. §3.156(c). The CAVC has long held that the BVA errs when it does not consider, or adequately reason its failure to consider, this specific regulation. Mr. Thomas added new service records in 2014, resulting in a grant of service connection. Although, he expressly asked the Secretary to consider an earlier effective date under 38 C.F.R. §3.156(c), the BVA decision was silent. Did the CAVC err when it adopted a new standard of review that required Mr. Thomas to persuade the CAVC that the new records were "potentially favorable" before it could order the BVA to consider §3.156(c)?

## ARGUMENT IN REPLY.

### 1. The Secretary concedes that he *and* Mr. Thomas expressly raised the applicability of 38 C.F.R. §3.156(c) when this case was before the BVA.

Under the legacy appeal system, administrative review of a VA Rating Decision ("VARD") followed an established process; one decision which includes a concise and clear explanation of this process is *Miley v. Principi*.[1]

[1] *See Miley* v. *Principi,* 242 F.3d 1050, 1051-52 (Fed. Cir. 2001) (clear and concise explanation of the Legacy appeal procedure found in 38 U.S.C. §7105(d) and 38 C.F.R. §19.25 – 19.30.)

The VA granted or denied veterans' claims by issuing a VARD.[2] If the veteran disagreed with the VARD and wanted to initiate an appeal, they would file a notice of disagreement ("NOD").[3] The VA would then issue a Statement of the Case ("SOC").[4] The purpose of the SOC wasto put veterans on notice of what is at issue before the BVA in a given case.[5] The veteran would respond to the SOC with a substantive appeal on VA Form 9 which, when certified to the BVA, would eventually yield a BVA decision on the issues raised in the SOC and the substantive appeal.[6]

In this case, the Secretary has conceded that he put the regulation 38 C.F.R. §3.156(c) at issue before the BVA when he addressed the veteran's arguments in the NOD about the effective date.[7] He acknowledged that "[h]ere, Mr. Thomas presented his §3.156(c)

[2] 38 U.S.C. §7105(a).
[3] 38 U.S.C. §7105(b).
[4] 38 U.S.C. §7105(d)(1)(2017); 38 C.F.R. §19.30.
[5] *Herndon* v. *Principi,* 311 F.3d 1121, 1124 (Fed. Cir. 2002); 38 C.F.R. §19.30.
[6] 38 U.S.C. §7105(d).
[7] *Secretary's Response Brief,* page 21; *accord* Appx102-103.

argument to the VA, Appx102-03, and the VA addressed that argument in its 2018 Statement of the Case, see Appx99."[8]

Because the purpose of the SOC is to put veterans on notice of what is at issue in a case, the Secretary's concession that he addressed 38 C.F.R. §3.156(c) in the SOC is nothing less than his concession that 38 C.F.R. §3.156(c) was raised and at issue before the BVA.[9]

This concession appears fatal to the Secretary's defense: Congress requires that "[d]ecisions of the Board shall be based on … all … applicable provisions of law and regulation."[10]

**2. This Court has jurisdiction to review a question or error of law in a Veterans Court decision: whether the lower court used the correct standard of review.**

Mr. Thomas argues that the Court has jurisdiction over this matter because he seeks review of a question of law: did the Veterans Court use the proper standard of review when it found that Mr. Thomas had to persuade *the Veterans Court* that new service records were

---

[8] *Id.*

[9] *See Herndon* v. *Principi,* 311 F.3d 1121, 1124 (Fed. Cir. 2002); 38 C.F.R. §19.30.

[10] 38 U.S.C. §7104(a).

potentially favorable under 38 C.F.R. §3.156(c) before it could order the BVA to consider the applicable regulation (*i.e.,* 38 C.F.R. § 3.156(c)).[11]

The Secretary responds that the Court lacks jurisdiction because "…the Veterans Court simply applied *Kisor II* when it concluded that to trigger reconsideration under 38 C.F.R. § 3.156(c), newly added service department records had to be relevant to the basis of the denial of the prior claim."[12]

But the issue on appeal to this Court is not what triggers "reconsideration" under 38 C.F.R. §3.156(c); the issue on appeal to this Court is what triggered the BVA's duty to include a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record[,]" specifically, in this case, 38 C.F.R. §3.156(c).[13] The VA put that regulation at issue itself, when – as the Secretary now concedes – the VA included it in the SOC.[14]

---

[11] *Appellant's Opening Brief,* page 1.
[12] *Secretary's Response Brief*, at page 9.
[13] *See Appellant's Opening Brief*, *citing Gilbert* v. *Derwinski*, 1 Vet. App. 49, 56 (2009); *see Allday* v. *Brown*, 7 Vet. App. 517, 527 (1995).
[14] *See supra,* at Section 1.

Whether the BVA properly applied the holding of *Kisor II* is, with respect, immaterial to this appeal. The question in this appeal is far more basic: did the Veterans Court err when it allowed the BVA to deny an earlier effective date, without ever mentioning, discussing, considering, or citing to 38 C.F.R. §3.156(c), even though Mr. Thomas's appeal to the BVA expressly asked the BVA to apply that regulation and the Secretary concedes that *he* put the regulation at issue before the BVA.[15] That question is a question of law, over which this Court has jurisdiction.

### 3. Until such time as the BVA issues reviewable findings of fact and law on the elements of 38 C.F.R. §3.156(c), the holding of *Kisor II* is immaterial to this appeal.

The Secretary argues that if the Court does have jurisdiction, *Kisor II* controls the outcome of this case. He is wrong.

First, this case and *Kisor II* arise in very different procedural contexts. By the time this Court decided *Kisor II*, the BVA in that case had long-since expressly considered and extensively evaluated "…whether the records Mr. Kisor submitted in connection with his June 5, 2006 request to reopen and the additional record located by the RO

[15] *See Appellant's Opening Brief,* page 4, *citing* Appx99, Appx102-103.

warranted reconsideration of his claim under 38 C.F.R. § 3.156(c)(1)."[16] In *Kisor II,* the BVA "review[ed] the evidence" and "explained" its decision.[17] It made a factual determination on the relevance of the service records.[18] The Veterans Court and the Federal Circuit – and the US Supreme Court – analyzed these written findings of fact and law to reach the conclusions they reached.

In this case, by contrast, there has never been a single finding of fact or law on the issue of the applicability of §3.156(c) or any element of that regulation. And so, Mr. Thomas's case is far different from *Kisor II*: before the Veterans Court can consider whether the BVA *properly* applied §3.156(c), the BVA must make some attempt at applying §3.156(c) in the first place. Before Mr. Thomas can ask the Veterans Court to review the BVA's findings of fact or law on one or more of the elements of §3.156(c), the BVA must make findings of fact and law on the elements of §3.156(c).

Because the BVA has never made a single finding of fact or law on the applicability or elements of §3.156(c) – despite the Secretary's

[16] *Kisor v. McDonough*, 995 F.3d 1316, 1320-21 (Fed. Cir. 2020).
[17] *Id.*
[18] *Id.*

concession that he put the regulation at issue when he included it in the SOC[19] – *Kisor II* is immaterial to the errors asserted in this case.

In fact, this Court need not even mention *Kisor II* in its decision in this case: while the BVA must certainly consider the holding of *Kisor II* in assessing whether §3.156(c) applies to the facts of this case, it is not the controlling rule of law at this juncture. At this stage of the case, Mr. Thomas is not disputing the core holding of *Kisor II;* nor does he ask the Court to over-rule or revise it. It simply has not yet ripened yet because, as of yet, the BVA has failed to address the merits of this regulation.

The question in this case is far more basic, far more narrow, than the issue in *Kisor II.* In fact, this case doesn't turn on *Kisor II*; it turns on *Schafrath.*[20]

Time and again, the Veterans Court has applied the holding of *Schafrath* – itself rooted in Congress's requirement that the BVA

---

[19] *See Section 1, supra.*
[20] *See Appellant's Opening Brief,* page 15 – 19 ("the BVA is not free to ignore regulations which the VA has adopted" - even if neither party mentions a potentially applicable regulation, the BVA is required to consider its applicability and explain the reasons or bases for its conclusion).

address, in its decision, every issue of fact or law raised by the appellant or the record in an appeal to the BVA – to situations similar, if not materially identical, to this appeal. Time and again, the Veterans Court has vacated and remanded BVA decision that do not addresses issues of fact and law expressly raised or raised by the record.[21] The Secretary dismisses these examples because they are non-precedential; but as Mr. Thomas makes clear, he didn't cite them for their precedential value.[22]

Prior to this case, the Veterans Court applied a single standard of review in appeals alleging that the BVA had failed to consider the applicability of §3.156c.[23] In those cases, the mere inclusion of new service records during the pendency of an appeal triggered the BVA's obligation to make findings of fact and law regarding the applicability 38 C.F.R. §3.156(c).[24]

---

[21] *See Appellant's Opening Brief,* page 15 – 19.
[22] *Appellant's Opening Brief*, page 15 ("Mr. Thomas cites, below, to numerous memorandum decisions of the CAVC. Mr. Thomas cites to these decisions not for any precedential value – this Court is not bound by any CAVC decision – but instead to demonstrate how the CAVC's reasoning in his appeal is inconsistent with its own long-standing body of jurisprudence on this precise issue.")
[23] *See Appellant's Opening Brief,* page 13 – 15.
[24] *See Appellant's Opening Brief,* pages 13 – 19.

In this case, the Veterans Court inexplicably departed from that long-standing practice, requiring Mr. Thomas *first* persuade the *Veterans Court* that the new service records were 'potentially favorable' before the *Veterans Court* would order the BVA to fulfill its Congressional directive of *considering all regulations made potentially applicable by the record.*[25]

The Veterans Court expressly wrote that Mr. Thomas "…has not met his burden of persuasion that the Board failed to address a potentially applicable regulation, *see Schafrath* (citation omitted)."[26]

It is that error that is central to this appeal, not whether the Veterans Court or the BVA properly applied *Kisor II*: the Veterans Court cannot make findings of fact, and the BVA did not make them.

The Secretary's remaining arguments are equally immaterial.

First, his response focuses on his belief that the "Veterans Court[ ] … correctly concluded that §3.156 is not applicable."[27] But the Veterans Court emphasized its disavowal of that conclusion: "…we do not make a

---

[25] *See* Appx6.
[26] Appx6.
[27] *See Secretary's Response Brief*, at page 19.

finding of fact that § 3.156(c)(1) does not apply to this case or that the service personnel records were irrelevant or not favorable."[28]

Instead, the Veterans Court made a finding of law that §3.156(c) does not apply to this case because "…Mr. Thomas *has not met his burden of persuasion* [before the Veterans Court] that the Board failed to address a potentially applicable regulation."[29] Mr. Thomas's opening brief and this reply brief elucidate the point that it is *this* ruling he is appealing, and that the Veterans Court erred in making that ruling.

The Secretary's belief that the Veterans Court properly applied *Kisor II* is a subterfuge that masks the real issue in the appeal: did the Veterans Court properly apply the rule of law expressed, and long upheld, in *Schafrath* when it found that the BVA need not address a regulation – that both parties concede applied at the BVA – unless the Veterans Court was first persuaded that the regulation applied.

**4. Mr. Thomas was prejudiced by the Veterans Court's errors.**

The Secretary argues that Mr. Thomas has not been prejudiced because he "offered no argument that his service records were in any

---

[28] Appx6.
[29] Appx6 (emphasis added).

way relevant to the March 1971 denial or any other issue."[30] The Secretary's argument is circular, arguing that Mr. Thomas is not prejudiced for the same reason that he argued that the Veterans Court did not err.

This Court will only consider whether an error is prejudicial after it determines that an error has been made.[31] If the Court decides that the Veterans Court erred when it failed to remand Mr. Thomas's §3.156(c) argument to the BVA to make findings of fact and law regarding the applicability of that regulation, its consideration of the prejudicial nature of the error will look at factors very different from the merits of the underlying error.[32]

Mr. Thomas argues that he was prejudiced by the Veterans Court.[33] First, he argues that the outcome might have been different had the Veterans Court remanded and required the BVA to follow Congress's direction and issue a decision on all issues of fact and law raised by the appellant, the record, and in this case, by the appellee

---

[30] *Secretary's Response Brief*, page 25, *citing* Appx6.
[31] *Appellant's Opening Brief,* page 26 – 28.
[32] *See e.g., Appellant's Opening Brief,* pages 26 – 28.
[33] *See id.*

himself.[34] Second, Mr. Thomas argues that but for the error by the Veterans Court, the process followed would be different - the BVA would be required to making findings of fact and law on the elements of 38 C.F.R. §3.156(c), allowing him to challenge those findings of fact for clear error at the Veterans Court.[35]

The Secretary's response does not appear to dispute those assertions of prejudicial error.

Mr. Thomas could not find where the Secretary argued that, in the event this Court finds the Veterans Court erred, the outcome would not be different, or that the Veterans Court's error, if the Court finds one, does not affect Mr. Thomas's substantial right to judicial review of findings of fact and law by the BVA on issues expressly raised to the BVA.

As it stands today, Mr. Thomas has been denied even consideration of entitlement to an earlier effective date under 38 C.F.R. §3.156(c) without the BVA ever considering a single element of fact or law regarding that regulation.

---

[34] *See id.*
[35] *See id.*

Mr. Thomas did not have to make any specific argument about any element of 38 C.F.R. §3.156(c) to the BVA.[36] The Secretary concedes that he put the regulation at issue before the BVA when he included it in the SOC. Mr. Thomas expressly raised the issue of an earlier effective date under 38 C.F.R. §3.156(c) in his appeal to the BVA.[37] And the Veterans Court has made clear, for at 3 decades, that the BVA must still consider potentially applicable regulations, even though the veteran never expressly mentioned that regulation's applicability.[38]

## CONCLUSION AND REMEDY.

Mr. Thomas respectfully requests the Court reverse the decision of the CAVC and order the lower court to remand the BVA decision to the BVA to consider 38 C.F.R. §3.156(c) and provide adequate reasons and bases for its decision to apply or not apply that regulation.

Respectfully Submitted,
ATTIG | CURRAN | STEEL, PLLC

By: <u>*/s/ Chris Attig*</u>

---

[36] *See Section 1, supra; accord e.g., Robinson* v. *Shinseki,* 557 F.3d 1355 (Fed. Cir. 2009) (the Board is required to read appeal filings "in a liberal manner".)
[37] *See Section 1, supra.*
[38] *See Appellant's Opening Brief,* pages 13 – 19.

Chris Attig, Attorney
Licensed to practice law (Maryland, 2003)
P.O. Box 250724
Little Rock, Arkansas 72225
Phone: (866) 627-7764
Facsimile: (214) 741-2337
Email: Chris@BVAappeals.com

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a) or Federal Circuit Rule 28.1

   This brief contains 2559 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)5) or Federal Circuit Rule 28.1 and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

   This motion has been prepared in a proportionally spaced typeface using Microsoft Word for Mac, Version 15.40 in Century Schoolbook Font Size 14.

Respectfully Submitted,
ATTIG | CURRAN | STEEL, PLLC

By: */s/ Chris Attig*

Chris Attig, Attorney for Appellant
Texas Bar No. 24055119
P. O. Box 250724
Little Rock, Arkansas 72225
Phone: (866) 627 – 7764
Email: chris@BVAappeals.com