# United States Court of Appeals for the Federal Circuit

---

**ORVILLE K. THOMAS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1504

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-4192, Judge Joseph L. Falvey, Jr.

---

Decided: March 27, 2024

---

CHRIS ATTIG, Attig Curran Steel PLLC, Little Rock, AR, argued for claimant-appellant. Also represented by HALEY SMITH.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY; JULIE HONAN, Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, REYNA, and CUNNINGHAM, *Circuit Judges.*

REYNA, *Circuit Judge.*

Mr. Orville Thomas appeals a decision of the U.S. Court of Appeals for Veterans Claims. The Veterans Court affirmed the Board of Veterans' Appeals' denial of an earlier effective date for Mr. Thomas' claim of service connection for post-traumatic stress disorder. Because the Veterans Court applied an improper legal standard when reviewing the Board's decision, we vacate and remand.

## BACKGROUND

Mr. Thomas served in the U.S. Navy from 1957 to 1964. J.A. 1–2. In January 1961, he was an airman on a plane that crashed on Midway Island, killing nine people. J.A. 2. Of the six passengers who were seated in the plane's mid-section, Mr. Thomas was the sole survivor. J.A. 2. Three years later in 1964, Mr. Thomas was honorably discharged as unsuitable for service after being diagnosed with an emotionally unstable personality. J.A. 211, 275.

In January 1971, he submitted a claim to the U.S. Department of Veterans Affairs ("VA") for service connection for his "depressive mania." J.A. 277. He expressed to the VA that, after surviving the plane crash, he was experiencing ongoing emotional distress and had attempted suicide. J.A. 277. The VA regional office obtained Mr. Thomas' medical records, which showed that he had been treated for emotional problems and was subsequently discharged. J.A. 204–75. Based on solely the medical records, the VA denied service connection and concluded that an emotionally unstable personality was not a disability under the law. J.A. 203. In reaching this decision, the VA did not consider Mr. Thomas' service department records. Mr. Thomas did not appeal this decision.

On June 16, 2014, Mr. Thomas filed a request to reopen his 1971 claim. J.A. 163–202, 116–50. This time, he submitted service department records that were not before the VA in 1971. J.A. 169–202, 116–50. These service department records include, *inter alia*, information about the 1961 plane crash, the changes in Mr. Thomas' personality before and after the crash, and evaluations of Mr. Thomas' performance in service. *E.g.*, J.A. 116–50, 169–91.

In November 2014, the VA granted Mr. Thomas service connection for post-traumatic stress disorder ("PTSD"), with an effective date of June 16, 2014. J.A. 106–12. The VA based its decision on a review of the evidence, which included (1) the service department records Mr. Thomas submitted in June 2014 and (2) the VA's PTSD examination of Mr. Thomas, which diagnosed him with the disorder. J.A. 113–14.

Mr. Thomas filed a timely Notice of Disagreement, seeking an earlier effective date. J.A. 104–05. The VA issued a Statement of the Case which, while increasing the disability rating for his PTSD, continued to deny an effective date earlier than June 2014. J.A. 71–99. The VA acknowledged that Mr. Thomas had submitted his service department records, and that he had argued that under 38 C.F.R. § 3.156(c), those records showed entitlement to an earlier effective date.[1] J.A. 4, 99.

---

[1] Under 38 C.F.R. § 3.156(c)(1), if the "VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim." Additionally, "[a]n award made based all or in part" on these service department records "is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later."

The VA found that the service department records would not have changed the 1971 denial of service connection because they did not counter the determination that Mr. Thomas' in-service psychiatric problems were due to an "emotionally unstable personality," which was not considered a disability for VA compensation purposes. J.A. 99. The VA also concluded that the service department records "were not a factor in the grant of benefits at this time." J.A. 99.

Mr. Thomas appealed to the Board of Veterans' Appeals ("Board"). J.A. 68–69. The Board agreed with the VA's denial of an earlier effective date for the grant of service connection for PTSD. J.A. 54–67. The Board found no evidence of an unadjudicated claim for service connection for PTSD between the March 1971 rating decision and June 2014 that might justify an earlier effective date. J.A. 58–59. The Board decision did not address Section 3.156(c) or Mr. Thomas' newly added service department records. J.A. 54–67. Mr. Thomas appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims ("Veterans Court").

Before the Veterans Court, Mr. Thomas argued that the Board violated its statutory duty under 38 U.S.C. § 7104(d)(1) to provide a written statement of its findings, and its reasons and bases for those findings, concerning "all material issues of fact and law presented on the record." J.A. 49 (citing 38 U.S.C. § 7104(d)(1)). According to Mr. Thomas, this statutory duty required the Board to consider

38 U.S.C. § 3.156(c)(3). "In other words, § 3.156(c) serves to place a veteran in the position he would have been had the VA considered the relevant service department record before the disposition of his earlier claim." *Blubaugh v. McDonald*, 773 F.3d 1310, 1313 (Fed. Cir. 2014).

his arguments concerning Section 3.156(c), which applied to the facts of his case. Mr. Thomas also argued this statutory duty required the Board to consider his service department records, which had existed at the time of the VA's original denial in 1971 but had not yet been associated with his claims file. Mr. Thomas noted that these service department records served as a partial basis for his eventual grant of PTSD in November 2014. Finally, Mr. Thomas argued that the Board's errors prejudiced him. According to Mr. Thomas, had the Board properly considered that his service department records that were not associated with his claims file until 2014, the Board likely would not have concluded that "June 16, 2014, is the earliest possible effective date for the grant of service connection for PTSD." J.A. 52 (quoting J.A. 59).

The Veterans Court affirmed the Board's decision. The Veterans Court determined that the Board did not err in failing to discuss Section 3.156(c)(1) because this regulation only applies to "relevant" service records. The Veterans Court noted that Mr. Thomas "offer[ed] no argument that his service records were in any way relevant" to the VA's denial of his 1971 claim. For this reason, the VA concluded that Mr. Thomas had not shown that the Board committed prejudicial error in failing to discuss Section 3.156(c)(1).

The Veterans Court also determined that the Board did not err in failing to discuss Mr. Thomas' service department records. The Veterans Court explained that "Mr. Thomas has neither shown nor argued that the service department records . . . were 'favorable' evidence and that the Board was thus required to discuss them." J.A. 5.

Mr. Thomas appeals. We have jurisdiction under 38 U.S.C. § 7292(c).

## STANDARD OF REVIEW

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017). This court may review legal questions, including the validity of any statute or regulation or any interpretation thereof. 38 U.S.C. § 7292(c). This court may not, however, review factual determinations or application of law to fact, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

## DISCUSSION

Mr. Thomas argues that the Veterans Court erroneously applied a more stringent legal standard than what is required under 38 U.S.C. § 7104. Section 7104(d) governs the Board's statutory duty to consider "applicable" regulations and provide a written statement on "all material issues of fact and law." Specifically, Mr. Thomas argues that the Veterans Court improperly read into this provision a new and limiting requirement—that the Board need only address "favorable" or "relevant" evidence in its written decision. We agree with Mr. Thomas and thus vacate the Veterans Court's decision and remand.

When deciding a veteran's appeal, the Board's decision "shall include" a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, *on all material issues of fact and law presented on the record*." 38 U.S.C § 7104(d) (emphasis added). At the Veterans Court, this provision means that the Board must address in its written statement all regulations that are "*made potentially applicable* through the assertions and issues raised in the record." *Schafrath v. Derwinski*, 1 Vet. App. 589, 593 (1991). We see no reason to depart from the Veterans Court's "potentially applicable" standard, which supports 38 U.S.C § 7104(d)'s goal of providing veterans with a fulsome and clear decision of

their claims.[2] In doing so, we are not eliminating or even modifying the Veterans Court's obligation to place the burden of proof for showing prejudicial error on appeal on the appellant, as the Veterans Court here correctly did. *See* J.A. 4–5; 38 U.S.C. § 7261(b)(2).

Here, Mr. Thomas undisputedly raised Section 3.156(c) and his service department records before the Board. The Board did not address these two points in its decision. The Veterans Court recognized the Board's duty under 38 U.S.C. § 7104 to provide a written determination with adequate reasons or bases for its determination. The Veterans Court also recognized that this duty requires the Board to "address all regulations made potentially applicable by assertions and issues raised in the record." J.A. 4. The Veterans Court, however, excused the Board's silence because Mr. Thomas did not allegedly argue the "relevance" of Section 3.156(c) or his service department records in his briefing on appeal. J.A. 4. The Veterans Court also faulted Mr. Thomas for failing to show how his service department records were "favorable" evidence. J.A. 5. These

---

[2] Section 7104(d)(1) was "designed to promote the development of a record of the agency proceedings that would permit a reviewing court to understand and evaluate the proceedings as part of its review." S. Rep. No. 100–418, at 37–38 (1988). The Board's required statement of reasons or bases would assist veterans to "understand the Board's response to the various arguments advanced by the [veteran]," and use this understanding "to make an informed decision on whether or not to request court review." *Id.* at 38. "[B]are conclusory statement[s]" in Board decisions would cut against the purpose of Section 7104(d)(1). *Jennings v. Mansfield*, 509 F.3d 1362, 1366 (Fed. Cir. 2007) (quoting *Gilbert v. Derwinski,* 1 Vet. App. 49, 57 (1990)).

statements indicate that the Veterans Court erroneously applied a standard considerably more stringent than required under 38 U.S.C. § 7104. As explained above, Section 7104 requires the Board to consider all "*potentially applicable*" regulations raised in the *record*, not merely those that the veteran has shown to be relevant or favorable in his briefing before the Board.

The government argues that we lack jurisdiction over this appeal because the Veterans Court's decision was merely a "[s]traightforward [a]pplication [o]f *Kisor II*" to the facts of Mr. Thomas' appeal. Appellee Br. 14. The government's argument is unavailing. In *Kisor II*, this court interpreted the meaning of a "relevant" service department record under 38 C.F.R. § 3.156(c). *Kisor v. McDonough*, 995 F.3d 1316, 1322 (Fed. Cir. 2021). As discussed *supra*, Section 3.156(c) provides that the VA may reconsider a previously decided claim and retroactively set an earlier effective date when "relevant" service department records are associated with the claims file. Here, the Board never made a finding of fact as to the relevancy of Mr. Thomas' service department records to his denied 1971 claim, as required under Section 3.156(c) and *Kisor II*. Because the Board has not made this factual determination in the first instance, the Veterans Court is statutorily prohibited from doing so. 38 U.S.C. § 7261(c); *Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013). Thus, contrary to the government's position, the Veterans Court's decision cannot be characterized as an application of *Kisor II* to Mr. Thomas' case.

On remand, the Veterans Court is instructed to remand the case to the Board to provide an adequate written statement of its reasons and bases concerning Mr. Thomas' claim for an earlier effective date for his PTSD. The Board must consider Mr. Thomas' arguments concerning Section 3.156(c) and his service department records under the appropriate legal standard contained in 38 U.S.C. § 7104(d).

## CONCLUSION

We have considered the government's remaining arguments and find them unpersuasive. We vacate the decision of the Veterans Court and remand for further action consistent with this decision.

**VACATED AND REMANDED**

## COSTS

Costs to Mr. Thomas.